### Frank McNulty v. C. K. Walker.

1. **Malicious Prosecution.** *Probable cause. Undisputed facts. Peremptory instruction by court.*
   In an action for damages for malicious prosecution, where the facts upon which the defendant instituted the prosecution are undisputed, it then becomes a question of law whether such facts constitute probable cause, and should be determined by the court in a peremptory instruction.

2. **Same.** *Probable cause. Case in judgment.*
   B. and W. killed M.'s hog in a swamp and carried it away. M. was informed of this by an eye-witness. He then went to B. and inquired about it. B. denied having seen the hog, and denied that he and W. had been in the swamp. Thereupon M. made an affidavit against B. and W. charging them with stealing his hog. W. was tried and discharged, and then brought an action against M. for malicious prosecution. *Held,* that W. cannot maintain his action. Such facts show a probable cause for the prosecution.

APPEAL from the Circuit Court of Clay County.
'HON. W. M. ROGERS, Judge.

Frank McNulty made an affidavit against C. K. Walker and one Brassfield, charging them with stealing his hog. They were arrested and tried and Walker was discharged. Thereupon he brought this action against McNulty for malicious prosecution.

The evidence shows that McNulty had both tame and wild hogs ; that he had lost several of these hogs ; that he had authorized one J. B. Walker and Brassfield to kill his wild hogs on shares ; that on or about April 11, 1883, he was informed by one Vail that C. K. Walker and Brassfield were killing his hogs without making a division, as he, Vail, was informed by the McGees ; that McNulty, in company with several others, went to see the McGees, who said to them that about February 20, 1883, C. K. Walker came to see them and said to them, " I have some wild hogs up in my brother's pen in the bottom, and I want you to help spay them ;" and after dinner they went to the hog-pen ; that after they got there Brassfield came riding up with gear on his mule, and they, McGees, asked what it meant ; that Walker called to Brassfield and asked him if he had seen McNulty, and Brassfield answered that he had ; that McNulty described the hog to a " t," and said it was his and that Walker and Brassfield could have it ; that thereupon the McGees assisted Brassfield and Walker to kill the hog, which belonged to McNulty ; that Brassfield carried it off, Walker following in the same direction.

McNulty and Vail next went to see Brassfield, and they asked him if he had seen any of McNulty's hogs, and he said he had not, and he further said that he and C. K. Walker had not been in the bottom at all.

Thereupon McNulty went before a justice and made the affidavit above referred to.

The defendant, McNulty, asked the court to instruct the jury peremptorily to find for him. The court refused to do this. The jury found for the plaintiff, and assessed his damages at one dollar, and the court taxed the costs on the defendant. The defendant appealed.

*Barry & Beckett*, for the appellant.

The law is that when the facts on which defendant acted in making the prosecution are not disputed, that it is a question of law for the court whether they constitute *probable cause* and ought not to be submitted to the jury. *Whitfield* v. *Westbrook*, 40 Min. 316, 317.

We venture the assertion that not only do the facts detailed in

this case constitute a case of *probable cause*, but a *prima facie* case; yea, more, if Walker had been bound over and convicted, the supreme court would not have disturbed the verdict on the facts.

*Fred. Beall*, for the appellee.

There is nothing involved in this case but the court cost, and that the judge below, who heard all the witnesses testify, saw their manner, etc., thought McNulty should pay, because he was of the opinion, notwithstanding the verdict for so nominal an amount, that the prosecution by McNulty was willful and malicious.

Such a judgment will not be set aside, except for the most manifest error, followed by great injustice.

Arnold, J., delivered the opinion of the court.

The verdict was manifestly wrong, and the instruction asked by appellant, to the effect that the jury should find for him, should have been given. In an action for malicious prosecution, it is essential for the plaintiff to show that the prosecution complained of was instituted with malice and without probable cause. Here the proof, by uncontradicted testimony, of probable cause, that is to say, of such a state of facts as would ordinarily be sufficient to produce a reasonable belief that the party charged was guilty, is abundant.

It is not disputed that appellant's hog was killed by appellee and Brassfield, nor that appellant was told by Vail that he had been informed by the McGees that they had seen appellee and Brassfield kill the hog, nor that afterward and before appellant made affidavit for the arrest, he went to Brassfield and made inquiry in regard to the matter, and that he denied that he and appellee had been in the bottom or seen appellant's hogs.

What constitutes probable cause, or whether there was probable cause for the prosecution, is generally a mixed question of law and fact, but if the facts are undisputed, it then becomes a question of law to be determined by the court. *Greenwode* v. *Mills*, 31 Miss. 464; *Whitfield* v. *Westbrook*, 40 Ib. 311 ; Cooley on Torts 181.

In this view of the law and the facts, the judgment is reversed and cause remanded without considering other errors assigned.