[Civil No. 252.   Filed April 6, 1889.]

[21 Pac. 338.]

ART McDONALD, Plaintiff and Appellee, v. ATLANTIC AND PACIFIC RAILROAD COMPANY, Defendant and Appellant.

1. MALICIOUS PROSECUTION—ESSENTIAL ELEMENTS—WHAT CONSTITUTES PROBABLE CAUSE—QUESTION OF LAW—MALICE—POSSESSION OF GOODS RECENTLY STOLEN.—In an action for malicious prosecution the essential elements are a criminal charge by defendant against plaintiff, made maliciously and without probable cause. Where the facts are admitted, probable cause is a question of law to be determined by the court; if disputed, the court by its charge will say what facts found by the jury will constitute it. Malice is for the jury. The burden is on the plaintiff to prove, by a preponderance of the evidence, both malice and want of probable cause. Where coal recently stolen from defendant was found at plaintiff's house, the possession of such stolen goods amounts to probable cause and justifies a criminal charge. Though the possessor may be innocent, the prosecutor is not bound to seek for an explanation.

WRIGHT, C. J., dissenting.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Apache. James H. Wright, Judge.   Reversed.

The facts are stated in the opinion.

William C. Hazeldine, Solicitor, for Appellant.   Herndon & Hawkins, of Counsel.

Harris Baldwin, and T. W. Johnston, for Appellee.

BARNES, J.—This is an action for malicious prosecution, brought by one Art McDonald against the Atlantic and Pacific Railroad Company.   The cause was tried on November 9, 1887, and a judgment rendered against the defendant, in favor of the plaintiff, for the sum of $2,300.   A motion for a new trial was overruled.   The foundation of this action is the alleged illegal arrest of the said Art McDonald on the twenty-fourth day of November, A. D. 1884, at Holbrook, in the county of Apache, on a warrant issued by one F. M. Zuck, a justice of the peace, charging McDonald with being accessory to the larceny of certain coal, which was alleged to have been stolen by one Ed. Wilson from the cars of the Atlantic and Pacific Railroad Company.   The testimony showed that Donald McDonald, son of the appellee in this case, purchased for fifty cents from Wilson seven hundred pounds of coal, which Donald McDonald saw Wilson throwing from a car of the said Atlantic and Pacific Railroad Company, and which Donald McDonald caused Wilson to carry to his father's (the appellee's) house, and deposit upon a lot immediately adjoining the one occupied by appellee, and the place where appellee usually stored his coal. ` Next morning the arrest was made upon the affidavit of one C. F. Colton, as special agent of the Atlantic and Pacific Railroad Company.   It further appears from the evidence that for some time past coal had been stolen at Holbrook station. The plaintiff introduced his evidence, and rested; whereupon defendant declined to introduce any evidence whatever, but moved the court to instruct the jury that they must find for the defendant. ` There was no dispute as to the facts, and **no**

evidence whatever introduced on the trial of said cause, except that introduced by the plaintiff.

In an action for malicious prosecution, the essential elements upon which it may be based are that there has been made a criminal charge by defendant against the plaintiff; that the charge was made maliciously and without probable cause therefor. If it was malicious, and yet there was probable cause, there can be no recovery. If there was no probable cause, and no malice, there is no action. Whether there was probable cause is a question of law for the court to determine, where the facts are admitted. If the facts are in dispute, the court by its charge should say what facts found by the jury will constitute probable cause. Malice is for the jury. They may find the element of malice from the want of probable cause, but not necessarily. The burden is on the plaintiff to prove, by a preponderance of evidence, both malice and a want of probable cause. These principles have been so long and so deeply settled as to be unquestioned. So long ago as *Farmer* v. *Darling,* 4 Burr. 1971, Lord Mansfield instructed the jury that the foundation of the action was malice, either express or implied, and the want of probable cause, and all the judges concurred. In *Mitchell* v. *Jenkins,* 5 Barn. & Adol. 594, Lord Denman said: ''I have always understood the question of reasonable or probable cause on the facts found to be a question for the opinion of the court, and malice to be altogether a question for the jury.'' In *Stewart* v. *Sonneborn,* 98 U. S. 194, Justice Strong, for the court, said: ''The existence of a want of probable cause is, as we have seen, essential to every suit for a malicious prosecution. Both that and malice must concur. Malice, it is admitted, may be inferred by the jury from want of probable cause, but the want of that cannot be inferred from any degree of even express malice.'' He approves *Sutton* v. *Johnstone,* 1 Term R. 493: ''The question of probable cause is a mixed question of law and of fact. Whether the circumstances allege to show it probable are true and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law,''—and adds: ''This is the doctrine generally adopted.'' Justice Bradley in his dissenting opinion, based upon the facts of

that case, says: "It hardly needs any reference to authorities to establish the familiar doctrines laid down in the opinion." He says, also: "In short, upon probable cause, every man has a right to bring a charge against another for a public offense. . . . The law gives this right, and protects it in an action brought for malicious prosecution or malicious arrest." Justice Strong, for the court, also holds that the conduct of defendant is to be weighed in view of what appeared to him at the time the charge was made, not in the light of subsequently appearing facts. "Had they [defendants] reasonable cause for their action when they took it? Not what the actual fact was; but what they had reason to believe it was." The cases cited fully bear out this view. This decision by the court of last resort for this court is binding upon us. It is, however, borne out by the overwhelming weight of authority. *Greenwade* v. *Mills,* 31 Miss. 464; *Whitfield* v. *Westbrook,* 40 Miss. 311; *Moore* v. *Northern Pacific R. R. Co.,* 37 Minn. 147, 33 N. W. 334; *Fulton* v. *Onesti,* 66 Cal. 575, 6 Pac. 491; *McNulty* v. *Walker,* 64 Miss. 198, 1 South. 55; *Parli* v. *Reed,* 30 Kan. 534, 2 Pac. 635; *Kelton* v. *Bevins,* Cooke 90, 5 Am. Dec. 673; *Ulmer* v. *Leland,* 1 Greenl. 135, 10 Am. Dec. 48; *Bell* v. *Graham,* 1 Nott & McC., 9 Am. Dec. 690, and note; *Israel* v. *Brooks,* 23 Ill. 575.

In this case there is no conflict of evidence, and the question presented was this, was there sufficient or probable cause to found the charge against plaintiff? Seven hundred pounds of coal had been stolen from defendant. The *corpus delicti* is not to be doubted. The coal the morning after it was stolen was at the place where plaintiff habitually kept his coal. If he had knowledge that it was there, it was to be inferred that he had knowledge of the larceny. *State* v. *Manley,* 74 Iowa, 561, 38 N. W. 415. The recent possession of stolen goods clearly amounts to probable cause, and will justify a criminal charge. The possession may be explained consistent with innocence, it is true. To hold that the prosecutor must seek for the explanation would block the enforcement of the criminal law. There was a larceny of coal. The next morning the stolen coal was found in the place where plaintiff kept his coal. It was stolen by his son and Wilson. Plaintiff was at his house in the morning. There was enough

from which to infer his guilty knowledge, and to justify a criminal charge against him. The fact that he denied any knowledge of the larceny at the time, and that it afterwards appeared that he had no knowledge of it, does not destroy the justification of the charge against him. Crimes must be investigated. The criminal law must be enforced. The innocent will sometimes be charged with offenses. In cases where there is probable cause to believe them guilty, they have no action against their accuser. In this case there was probable cause, and hence plaintiff could not recover. The judgment of the court below is reversed.

WRIGHT, C. J., dissenting.—All the information which Colton, the prosecuting witness, and special agent for defendant, got, as to whether plaintiff McDonald had stolen the coal, he got from the plaintiff himself. That information, if believed, should have been a complete and satisfactory explanation. If not believed by Colton, it was his duty, before causing the arrest, to make diligent inquiry and investigation as to McDonald's character, and as to the truth of the explanation which he had given. This was not done, and therefore the arrest was without probable cause, as McDonald's explanation was fully corroborated by the subsequently developed facts.