[Civil No. 906.   Filed March 22, 1907.]

[89 Pac. 542.]

R. R. RICHARDSON, Plaintiff and Appellant, v. FRANK POWERS, Defendant and Appellee.

1. APPEAL AND ERROR—RECORD—SUFFICIENCY—REVIEW—SCOPE.—Where appellant's abstract contains neither verdict, the judgment, the trial court minute entries, nor any testimony except the defendant's, there can be no review of the trial court's action in directing a verdict for the defendant.

2. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION OF LAW.—Where all the facts are admitted in an action for malicious prosecution, it is a question of law for the court to determine whether there was probable cause for the prosecution.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Santa Cruz. Geo. R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Frank H. Hereford, for Appellant.

"Existence of malice is always a question exclusively for the jury. It must be found by them or the action cannot be sustained; hence it must always be submitted to them to find whether it existed. The court has no right to find it, or to instruct the jury that they may return a verdict for the plaintiff without it. Even the inference of malice from want of ,probable cause is one which the jury alone can draw." *Stewart et al.* v. *Sonneborn,* 98 U: S. 187, 25 L. Ed. 116. As to malice and probable cause, see, also, *Heyne* v. *Blair,* 62 N. Y. 19. The good faith of defendant, his belief in the guilt of plaintiff, and the existence of probable cause for such belief, if the defendant had any, were for the jury to determine, and did not present a question of law to be decided by the court. *Owens* v. *New Rochelle C. & L. Co.,* 55 N. Y. Supp. 913. "The court instructs the jury that the mere belief that an innocent man is guilty of a crime is not alone sufficient to justify causing his arrest. The facts must be such as would justify an ordinarily intelligent and reasonably prudent man in entertaining such a belief." *Billingsley* v. *Maas,* 93 Wis. 176, 67 N. W. 49; Cooley on Torts, p. 181. Probable cause is "the existence of such facts and circumstances as would cause the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Brewer* v. *Jacobs,* 22 Fed. 217; *Walker* v. *Camp,* 63 Iowa, 627, 19 N. W. 802. "But however suspicious the appearance may be from existing circumstances, if the prosecutor has knowledge of the facts which will explain the suspicious appearance and exonerate the accused from the criminal charge, he cannot justify a prosecution by putting forth the *prima facie* circumstances and excusing those within his knowledge which tend to prove innocence." *Fagnan* v. *Knox,* 66 N. Y. 525; *McManus* v. *Wallis,* 52 Tex. 534; *Casebeer* v. *Rice,* 18 Neb. 203, 24 N. W. 693. "When the prosecution is shown to have been for any other purpose

than that of bringing the party to justice, malice is shown. And malice is shown when it appears that the prosecution was to further some ulterior object.'' *Ross* v. *Langworthy,* 13 Neb. 492, 14 N. W. 515; *Antchiff* v. *June,* 81 Mich. 477, 21 Am. St. Rep. 533, 45 N. W. 1019, 10 L. R. A. 621; *Shannon* v. *Jones,* 76 Tex. 141, 13 S. W. 477; *Zinn* v. *Rice,* 154 Mass. 1, 27 N. E. 772, 12 L. R. A. 288; *Sneeden* v. *Harris,* 109 N. C. 349, 13 S. E. 920, 14 L. R. A. 389.

Eugene S. Ives, for Appellee.

The modern rule as to the duty of the court to direct a verdict is that it is the right and duty of the court to instruct the jury to return a verdict for one party when the evidence, taken as a whole, shows that it would be the duty of the court to set aside a verdict if rendered for the opposite party, even though there may be some slight conflict in the evidence. *Peasants* v. *Fant,* 22 Wall. 116, 22 L. Ed. 780; *Met. R. R. Co.* v. *Moore,* 121 U. S. 558, 7 Sup. Ct. 1334, 30 L. Ed. 1022. And such is the doctrine as established by this court. *Root* v. *Fay,* 5 Ariz. 19, 43 Pac. 527.

Upon the evidence contained in the abstract, it is apparent that the court could do nothing but render a verdict for the defendant, assuming that there had been no other evidence given at the trial. The burden of proof is upon the plaintiff to show not only the termination of the prosecution favorable to himself, but that such prosecution was without probable cause, and was actuated by malice on the part of the defendant. Want of probable cause when the facts are not disputed is a question of the law to be determined by the court. *Crescent etc. Co.* v. *Butchers' etc. Co.,* 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; *Staunton* v. *Goshorn,* 94 Fed. 52, 36 C. C. A. 75; *McDonald* v. *Atlantic & Pac. R. R. Co.,* 3 Ariz. 96, 21 Pac. 338. It is settled law that the advice of counsel obtained in good faith after a full disclosure of the facts is a complete defense, and conclusively shows probable cause for the prosecution. *Stewart* v. *Sonneborn,* 98 U. S. 187, at p. 196, 25 L. Ed. 116; *Coggswell* v. *Bohn,* 43 Fed. 411; *Staunton* v. *Goshorn,* 94 Fed. 52, 36 C. C. A. 75. It is no answer to this to say that no crime was committed, or that the indictment did not state facts sufficient to constitute an offense, because probable cause may exist though no offense has in fact been committed. *Scanlan* v. *Cowley,* 2 Hilt. 489.

Whether the plaintiff in this action, when examined before the justice, was bound over to await the action of the grand jury, as alleged in the complaint, or waived examination, as shown by what purports to be a copy of the justice's docket, either one is ample evidence of probable cause. Waiver of examination by a defendant charged with a criminal offense is *prima facie* evidence of probable cause. *Van Sickel* v. *Brown,* 68 Mo. 627; *Brady* v. *Stiltner,* 40 W. Va. 289, 21 S. E. 729; *Hess* v. *Oregon Baking Co.,* 31 Or. 503, 49 Pac. 803; and binding over by a justice of such an accused person is *prima facie* evidence of probable cause, since the object of such examination is to ascertain the very existence or non-existence of probable cause for the prosecution. *Miller* v. *Chicago M. & St. P. Ry. Co.,* 41 Fed. 898.

KENT, C. J.—This is an action for damages for malicious prosecution. The complaint alleges that in September, 1903, Powers brought a complaint before a justice of the peace, charging Richardson with having committed a felony by "digging a hole or shaft, and by putting up or constructing a fence upon or across a public road used by the public"; and that Powers caused and procured the indictment of Richardson by the grand jury for the alleged crime, which indictment was subsequently by the district court dismissed, and such action of the district court subsequently upheld by the supreme court on appeal; and further alleges that the acts committed by Powers in that respect were malicious and without probable cause. After hearing the testimony in the case, the court instructed the jury "that the evidence in this case is insufficient to sustain the plaintiff's alleged cause of action, and your verdict will therefore be in favor of the defendant." From the judgment entered upon the verdict so rendered, Richardson has appealed, and has assigned as error this instruction of the court.

The abstract of the appellant does not contain the verdict, the judgment or the minute entries of the trial court; nor does it contain the testimony given upon the trial, except that of the defendant Powers. Counsel for appellant in their brief state that all the allegations of the complaint were proved beyond question by the evidence, except the allegations of malice and lack of probable cause; and upon the assumption that the evidence of the defendant, Powers, that is presented to us in the abstract, shows *prima facie* malice

and want of probable cause, we are asked upon this incomplete record to reverse the judgment of the lower court, on the ground that the court should have submitted to the jury the question whether malice and probable cause in fact existed. Upon the record as it is before us, and without the testimony in the case, we could not, in any event, assume that the testimony as a whole did not warrant the action of the trial court in directing a verdict for the defendant.

It is the duty of a trial court to instruct the jury to return a verdict in favor of the defendant, when the evidence given at the trial, taken as a whole, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff. *Gila Valley R. R. Co.* v. *Lyon,* 8 Ariz. 118, 71 Pac. 957; *Randall* v. *Baltimore & Ohio R. R.,* 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003; *Haupt* v. *Maricopa County,* 8 Ariz. 102, 68 Pac. 525. Without the testimony taken at the trial before us, we cannot say that the action of the court was erroneous.

Furthermore, we do not agree with the contention of the appellant that the testimony of the defendant which is before us is in itself sufficient to show that there was want of probable cause, and to warrant the submission of the question to the jury. The facts, as they appear before us, which we do not deem it necessary to set forth, we think were sufficient to induce in the mind of a reasonable man a belief in the guilt of the accused, and to have justified the prosecution so far as the existence of probable cause is concerned. Whether there was probable cause is a question of law for the court to determine, where the facts are admitted; and we think the court, on the facts before us, was right in its action. *McDonald* v. *Atlantic R. R. Co.,* 3 Ariz. 96, 21 Pac. 338.

The judgment of the district court is affirmed.

SLOAN, DOAN, CAMPBELL and NAVE, JJ., concur.