[Civil No. 1157. Filed March 25, 1911.]

[114 Pac. 559.]

## GEORGE A. OLNEY, Defendant and Appellant, v. H. W. BISHOP, Plaintiff and Appellee.

1. APPEAL AND ERROR—RECORD—REVIEW.—Where the abstract did not conform to the rules, in that it did not contain the minute entries nor evidence, nor other essential portions of the record sufficient to inform the court of the error relied on without an examination of the record itself, assignments that the trial court had no jurisdiction and that the evidence was insufficient would not be reviewed.

2. SAME—NAMES.—Use of initials, instead of the Christian name, though not commendable, is permissible.

3. SAME—DEMURRER.—Use of initials, instead of Christian name, can be attacked by motion only, and not by demurrer.

4. SAME—CONCLUSIONS.—An allegation that plaintiff was authorized to procure a purchaser for defendant's property was a mere conclusion of law.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for Graham County. E. W. Lewis, Judge. Reversed.

The facts are stated in the opinion.

W. C. McFarland, for Appellant.

W. K. Dial, for Appellee.

DOE, J.—The facts are sufficiently stated by appellant as follows: This is an action instituted by appellee against appellant in the district court of Graham county for the recovery of commissions alleged to be due appellee by appellant on account of an alleged sale of a tract of land by appellee as agent of appellant. From a judgment in plaintiff's favor, this appeal is prosecuted.

The first assignment of error is that the district court was without jurisdiction to hear and determine the cause. The rules of this court require the abstract of record to contain "the minute entries of the trial court," and "such other

portions of the record as may be necessary to inform the court of the errors relied upon without an investigation of the record itself.'' In this case the abstract contains neither the minute entries nor other essential portions of the record sufficient to inform the court of the error relied upon without an investigation of the record itself, and therefore wholly fails to present any basis for a review of appellant's assignment that the trial court was without jurisdiction to hear and determine the cause. *Daniel* v. *Gallagher,* 11 Ariz. 151, 89 Pac. 412; *Richardson* v. *Powers,* 11 Ariz. 31, 89 Pac. 542; *Liberty Mining Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Kinsley* v. *New Vulture Min. Co.,* 11 Ariz. 66–70, 90 Pac. 438, 110 Pac. 1135; *Demunde* v. *Meade, ante,* p. 236, 108 Pac. 479; *Phoenix Ry. Co.* v. *Landis, ante,* p. 80, 108 Pac. 247.

The defendant demurred specially upon the ground that the complaint failed to give the Christian name of the plaintiff, and assigns the overruling of the same as error. The practice of using initials, instead of the Christian name, in pleadings, though not commendable, is, we think, permissible under the weight of modern authority; but in this jurisdiction the question, not constituting a statutory ground of demurrer, can be raised by motion only.

The assignment that the evidence is insufficient to sustain the judgment cannot be considered, for the reason that the abstract of record does not contain any of the evidence.

Error is predicated upon the overruling of defendant's general demurrer. While it is averred in the complaint that the plaintiff was authorized to procure a purchaser and sell the property in question, such averments are mere conclusions of law, and no facts are pleaded from which it can be inferred that plaintiff was either employed or promised compensation by defendant.

The judgment of the district court is reversed, and the case remanded, with directions to sustain the demurrer.

KENT, C. J., and CAMPBELL, J., concur. DOAN J., concurs in the result.

NOTE.—Omission of Christian name in publication of process, see notes in 11 L. R. A., N. S., 676, and 28 L. R. A., N. S., 436.

Effect of summons or notice to person by wrong initial, see note in 15 L. R. A., N. S., 129.