MEDLIN v. CLARKSDALE STEAM LAUNDRY *et al.*[*]

(Division B. Oct. 27, 1924.)

[101 So. 557. No. 24174.]

MALICIOUS PROSECUTION. *Probable cause mixed question of law and fact, and for jury on conflicting evidence.*

In an action for malicious prosecution, what constitutes probable cause, or whether there was probable cause for the prosecution is generally a mixed question of law and fact; but where the evidence is conflicting as to the existence of probable cause and facts from which the inference of malice may reasonably be drawn, it is the province of the jury to pass upon this conflicting evidence.

---

[*]Headnote 1. Malicious Prosecution, 26 Cyc, pp. 105, 111.

Appeal from circuit court of Coahoma county.

Hon. W. A. Alcorn, Jr., Judge.

Suit by L. D. Medlin against the Clarksdale Steam Laundry and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*John W. Crisler, J. D. Crisler, Chas. W. Crisler* and *J. O. Day,* for appellant.

Appellant was charged with a felony, the amount claimed to have been embezzled not being set out in the affidavit. The amount claimed to be short by Buchanan was twenty-five or thirty dollars. A compromise would have been void. 8 Cyc. 530 (e).

The record shows a most flagrant disregard of plaintiff's rights. The actions and conduct of defendant Buchanan as manager of the company was openly malicious, vindictive and oppressive. His conduct cannot be justified or mitigated upon any ground. *Doherty* v. *Price Merc. Co.,* 132 Miss. 39, 95 So. 990; *Williams* v. *Ins. Co.,* 57 Miss. 759, 34 Am. Rep. 494.

The defendant attempts to escape liability upon the ground that a compromise was reached in the morning the plaintiff was tried on the criminal charge of embezzlement. We submit in the first place that the evidence does not so show, the alleged settlement having been made under direction of the city court, and in the second, that no plea of settlement, compromise, or accord and satisfaction, or any like plea was ever filed. This was an affirmative defense, and one which must properly be put in issue, and certainly appellees at this time, without any such plea, cannot claim that the issue was in any sense litigated in the lower court. We submit that upon this question alone the plaintiff is entitled to a reversal. 26 Cyc. 79, par. b (1) "Contentional." Plaintiff testifies that the offer to collect the slips was a mere voluntary offer on his part after the case had been dismissed.

A more flagrant case of malicious prosecution cannot be well imagined than the one shown by this record. The facts are nowhere disputed. Buchanan did not testify. Certainly the defendants will not be allowed to escape liability on some pretended claim of compromise when such a proposition was not mentioned until the whole case was closed.

We respectfully submit that this case should be reversed and remanded.

*Brewer, Brewer & McGehee,* for appellee.

The only question in this case is whether the defendant had probable cause for instituting the prosecution of which complaint is made in this suit. Probable cause for a criminal prosecution has been defined as "a reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged." *Stacy* v. *Emery,* 24 U. S. (Law Ed.) 1035. See 18 R. C. L. 25.

A person instituting a criminal prosecution is not even required to believe that the accused will be convicted. The chances of conviction depend upon too many conditions to make the prosecutor's opinion of the prospects in that respect a factor in determining the existence of probable cause. He is merely required to entertain a reasonable belief as to the guilt of the accused. And it would tend very much to discourage efforts to enforce the criminal laws if every person who instituted a prosecution in which the defendant was subsequently acquitted should for that reason be presumed to have acted without probable cause and liable for damages in malicious prosecution. In fact, it might develop upon the trial that the accused is entirely innocent and yet the prosecutor not be liable in an action for malicious prosecution.

Counsel for appellant takes the position that the learned court below granted a peremptory instruction for the defendant upon the ground that there had been an accord and satisfaction and a settlement of the differences between the parties upon the date and occasion that the plaintiff was dismissed in the criminal proceedings, and that the court should not have granted a peremptory instruction on this ground for the reason that this was not set up by the defendants under the proper plea as an affirmative defense. But we respectfully submit that inasmuch as the law places the burden of proof upon the plaintiff to show want of probable cause on the part of the defendants for instituting the criminal prosecution, the court was entitled to take into consideration the fact that there was an agreement made to settle the shortage complained of in the criminal prosecution as a factor in determining whether the prosecution was instituted without probable cause. If the court was satisfied from the evidence that the plaintiff had no cause of action in this case, he was entitled to have granted peremptory instructions whether the bar to recover had been pleaded or not, especially as much of this evidence was introduced without objection.

Then there was no evidence showing liability on the part of the laundry corporation for the alleged misconduct of its agent, F. A. Buchanan, and we respectfully submit that as to the said Buchanan's individual liability there was no issue that should have gone to the jury, and that the action of the lower court should have been affirmed.

Argued orally by *Jno. W. Crisler,* for appellant.

COOK, J., delivered the opinion of the court.

The appellant, L. D. Medlin, instituted this suit against the Clarksdale Steam Laundry and F. A. Buchanan, its general manager, for damages for an alleged malicious

prosecution, and at the conclusion of the testimony for both the plaintiff and the defendant the court below granted a peremptory instruction for the defendants, and from the judgment entered in pursuance of this instruction this appeal was prosecuted.

The appellant was employed by the defendant Clarksdale Steam Laundry as a driver of one of its delivery wagons. As a part of his duties he was required to collect the laundry·charges from the customers to whom laundry was delivered, but there is a sharp conflict in the testimony as to whether he was authorized to extend credit to any customers to whom he delivered laundry. The appellant testified that on July 5, 1921, he was called into the office of the laundry company by F. A. Buchanan, its general manager, and there charged with a shortage of nineteen dollars and sixty-four cents for moneys collected by him and due and owing to the laundry company; that he then offered to show Mr. Buchanan uncollected laundry tickets or slips amounting to twenty-one dollars and thirty-four cents and offered to go out and collect these tickets; that the general manager refused to look at these tickets and ordered him to immediately pay to the bookkeeper the amount of the alleged shortage; that he was unable to pay the amount; that Mr. Buchanan refused to give him time to collect the unpaid tickets, but at once discharged him and informed him that he would have him arrested on a charge of embezzlement; that about an hour later he was arrested and was charged in the police court with embezzlement; that Mr. Buchanan and the bookkeeper of the laundry company appeared in the police court and testified against him; but that after a full hearing of the matter he was discharged by the police justice.

There was some testimony tending to show that the appellant's discharge in the police court was the result of a compromise and amicable adjustment of the matter, but as to this the testimony is likewise conflicting.

"In an action for malicious prosecution, . . . what constitutes probable cause, or whether there was probable cause for the prosecution, is generally a mixed question of law and fact; but if the facts are undisputed, it then becomes a question of law to be determined by the court." *McNully* v. *Walker,* 64 Miss. 198, 1 So. 55. But where the evidence is conflicting as to the existence of probable cause and facts from which the inference of malice may reasonably be drawn, it is the province of the jury to pass upon this conflicting evidence. We think there was testimony for this plaintiff which, if true, would support a finding of want of probable cause, and from which the inference of malice might be drawn, and, consequently, that the cause should have been submitted to the jury under proper instructions.

*Reversed and remanded.*