Morris E. Spector, J.
This action for false arrest and imprisonment and for assault was tried before the court without a jury. Plaintiff, while shopping at Alexander’s (a mercantile establishment) on March 17,1965 was accused of stealing a green scarf and was detained, arrested, and was subsequently acquitted.
Plaintiff claims that she purchased this green scarf at Alexander’s a week before. When she entered the store on March 17, 1965, she asserted that she had three scarfs on her person — a silk pink scarf around her head, a silk green scarf around her neck, and a white woolen scarf around her waist to keep her kidneys warm. She wore a rust-color leather coat, red slacks and orange shoes. She stopped at the scarf counter and examined the scarfs but did not buy any. She then walked over to the blouse counter about 8 to 10 feet away. She took the pink scarf and put it in her coat pocket. She stated that she then walked downstairs to the basement and removed the green scarf from around her neck and placed it in her pocketbook. After looking at some shoes, she went upstairs and walked out of the store. She stated that she was in Alexander’s for a period of only 15 minutes. She had traveled about 5 feet after leaving the store when she was stopped by a woman and a man, who identified themselves, and asked her to return to the store, where she was taken into an office.
The codefendant, Gloria Alexander, a store detective employed by Alexander’s, testified that she was stationed about 7 feet from the scarf counter. She stated she was attracted to the plaintiff because of her bizarre colored outfit. She said the plaintiff wore a pink scarf on her head-and a white scarf around her neck. She saw the plaintiff pick up a green scarf from the counter and walk away with it towards the blouse counter, unpin the price tag from the scarf and drop it to the floor. She was at that time about 2 feet away from plaintiff. Plaintiff then placed the green scarf in her pocketbook. She retrieved the tag and followed plaintiff downstairs and then up the front stairway and out of the store at which time she identified herself to the plaintiff by showing her badge.
At the trial in the Criminal Court on the charge of petit larceny against the plaintiff, the pocketbook, green scarf and *910 the price tag were placed into evidence. After trial, the plaintiff was acquitted by the three-man court, by a two-to-one vote, as stated by counsel.
Section 218 of the General Business Law provides that in ‘ ‘ any action for false arrest, false imprisonment, unlawful detention # * *, assault, * * * brought by any person by reason of having been detained on or in the immediate vicinity of the premises of a retail mercantile establishment for the purpose of investigation or questioning as to the ownership of any merchandise, it shall be a defense to such action that the person was detained in a reasonable manner and for no more than a reasonable time to permit such investigation or questioning by a peace officer or by the owner * * *, his authorized employee or agent and that such peace officer, owner, employee or agent had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny on such premises of such merchandise. ’ ’
This section makes available to a retail storekeeper and his authorized employees, as a defense to an action for false arrest, false imprisonment or unlawful detention, an arrest based upon reasonable grounds. In other words, under section 218 of the General Business Law, where a plaintiff in a civil suit proves a false arrest or unlawful detention, the defendant has, under section 218 of the General Business Law, the burden of establishing that he had reasonable grounds or probable cause for believing that'tffiTperson detained or arrested was committing or attempting to commit larceny on the store premises. Reasonable grounds or probable cause do not necessarily depend upon the guilt or innocence of the accused or upon the fact whether a crime has been committed. One may act upon what appears to be true even if it turns out to be false, provided he believes it to be true and the appearances are sufficient to justify the belief is reasonable.
I find that the defendants have established by the preponderance of the credible evidence that the detention and arrest of the plaintiff was reasonable and accomplished in a reasonable manner and that the defendants had reasonable grounds to believe that the plaintiff had committed or attempted to commit the larceny for which she was charged, tried and acquitted.
With respect to the cause of action for assault, I find there is a lack of proof to sustain a recovery on this cause of action.
Accordingly, the complaint is dismissed. Judgment for the defendants.