563 P.2d 920

**Winona KON, Appellant,**

v.

**SKAGGS DRUG CENTERS, INC., Appellee.**

**No. 1 CA–CIV 3165.**

Court of Appeals of Arizona, Division 1, Department A.

April 26, 1977.

Andrews, Marendan & Moseley, P.A. by Dennis P. Turnage, Phoenix, for appellant.

Lewis & Roca by John P. Frank, Merton E. Marks, R. Kent Klein, Phoenix, for appellees.

## OPINION

DONOFRIO, Judge.

This is an appeal by plaintiff Winona Kon from a summary judgment granted in favor of appellee Skaggs Drug Centers, Inc., defendant below.

Plaintiff's action against defendant was based on false arrest and false imprisonment. Defendant's motion contended that the arrest was for violation of the shoplifting statute A.R.S. § 13–673 and that the arrest was based on reasonable cause as set forth in A.R.S. § 13–675. The trial court determined that there was no genuine issue of material fact and that as a matter of law reasonable cause existed for the arrest. We are called upon to determine whether the court erred in granting the summary judgment.

Viewing the record in the light most favorable to appellant, the party opposing the motion for summary judgment, we find the following. At approximately 3:00 p. m. on December 24, 1973, the appellant entered the Skaggs Drug Store in Glendale, Arizona. The appellant walked to the check-out counter and positioned herself in line at the cash register being operated by Shiela Pierceall, a cashier of Skaggs. The cashier first noticed the appellant while waiting on the customer preceding appellant. She noticed at that time that appellant was carrying a purse, a container of car polish and that a wrapping bow was on the counter in front of her. The bow was orange in color in position with the fluffy side up. Bows of

this type and color were on sale in that Skaggs Store on that date.

The cashier completed the transaction with the customer preceding the appellant and when she turned her attention to the appellant the bow was no longer visible. The cashier inquired of plaintiff several times whether there were items to be paid for in addition to the car wax, to which the reply was in the negative. Although the cashier inquired of appellant whether she had anything else to pay for at the cash register stand, at no point in time did the cashier ever mention the word bow or ribbon to appellant in questioning her about whether there was anything else she would like to pay for. Thereafter, the cashier accepted payment for the car polish and reported the incident to the Skaggs Store manager.

As appellant walked from the store, she was approached by a Skaggs' employee. The Skaggs' employee then asked appellant whether she had anything in her purse belonging to Skaggs for which payment had not been made. Appellant answered in the negative. When asked by the Skaggs' employee if he could look into her purse, appellant refused. Thereafter, appellant was ushered into the store manager's office where she was again asked by the Skaggs' employee if he could look inside her purse. She again refused.

The City of Glendale Police were summoned, and Officer Hannah responded to that call. Officer Hannah inquired of appellant whether he could look into her purse, and she again refused. Thereafter, Officer Hannah picked up appellant's purse, looked inside, and discovered a bow. The cashier was summoned and identified the bow as the same one that she had previously seen on the counter at the cash register. Officer Hannah personally observed that similar bows of the same type and color were being sold at the Skaggs Store on that date.

After being informed by Officer Hannah as to the manner in which it should be accomplished, the cashier effected a citizen's arrest of the appellant. The officer

informed the Skaggs' manager that the appellant could either be transported to the City Jail or could be released with a summons to appear before a city magistrate. The manager requested that the appellant be incarcerated. Thereafter, the appellant was placed in handcuffs and escorted to the Glendale Police Station.

The appellant was released later from the police station after a booking procedure. The affidavit of Mrs. Wanda Sedig shows that the bow did not belong to Skaggs but had been attached to a Christmas present given to the appellant by Mrs. Sedig, and that the bow had been purchased from a T G & Y Store some distance from the Glendale Skaggs Store. Additionally, there were no labels or identifying marks seen on the ribbon that would identify it as a ribbon belonging to Skaggs.

■ The law is well established that where the facts are not in dispute, probable cause in an action for malicious prosecution is a question for the court alone. *Wisniski v. Ong,* 84 Ariz. 372, 329 P.2d 1097 (1958), *Richardson v. Powers,* 11 Ariz. 31, 89 P. 542 (1907). Based on these leading cases and subsequent pronouncements of our Supreme Court (*Murphy v. Russell,* 40 Ariz. 109, 9 P.2d 1020 (1932)), we hold that the question of "reasonable cause" under A.R.S. § 13–675 is a question of law for the court.

A.R.S. § 13–673 creates the offense of shoplifting. Our Code also recognizes that there may, on occasion, be an error in a shoplifting arrest. In A.R.S. § 13–675 it expressly provides that "reasonable cause" shall be a defense to an action such as this:

"Reasonable cause shall be a defense to a civil or criminal action brought for false arrest, false imprisonment or wrongful detention against a peace officer, merchant or merchant's employee, by a person suspected of shoplifting or wilful concealment of goods, wares or merchandise as provided in §§ 13–673 and 13–674."

The issue that this Court must answer is whether as a matter of law there was such reasonable cause in the instant case.

The appellant relies exclusively on *J.C. Penney Company, Inc. v. Cox,* 246 Miss. 1, 148 So.2d 679 (1963). The *Cox* case, although arising under a similar statute, is different on the facts. In that case, not only did anyone not see the plaintiff take any property from the store, but no one had any reason whatsoever to suspect that she had any of the store's property. The case involved a minor clerk thinking that the plaintiff "acted a little suspicious."

■ If we were to follow the appellant's contention that no one can be arrested unless someone actually sees the individual take property, this would read the "reasonable cause" provision out of the statute. The "reasonable cause" clause is inserted in the statute generally to cover situations in which no one sees the actual theft. See *J.S. Dillon & Sons Stores Company v. Carrington,* 169 Colo. 242, 455 P.2d 201 (1969). We are persuaded by a New York case, *Tota v. Alexander's,* 63 Misc.2d 908, 314 N.Y.S.2d 93, 95 (1968), in which the court made the following statement:

"* * * Reasonable grounds or probable cause does not necessarily depend upon the guilt or innocence of the accused or upon the fact whether a crime has been committed. One may act upon on what appears to be true even if it turns out to be false provided he believes it to be true and the appearances are sufficient to justify the belief is reasonable."

■ In the instant case when the cashier saw on the counter in front of appellant a bow in all respects identical to those on sale and a moment later that bow disappeared, it was reasonable for the cashier to suppose a Skaggs' bow had been stolen. The Legislature could have required hard proof to warrant an arrest. However, it saw fit to put the weight of public policy on the side of control of theft of small items in such stores. The key to the method is the reasonable cause standard of arrest. This Court finds that the Superior Court had sufficient evidence before it to determine that Skaggs had reasonable cause to detain the appellant as a matter of law.

**124**

The appellant contends also that the detention at the store for approximately an hour was too long. It is the law that a person may be detained only for a reasonable time, but the reasonable time standard depends upon all of the circumstances present at the incident, including but not limited to the appellant's willingness to cooperate.

In the instant case, Skaggs acted in a prudent manner in the handling of the appellant. Appellant was asked several questions by the Skaggs' employees but refused to answer. Upon such refusal the Skaggs' employees immediately requested the services of the Glendale Police Department. Officer Hannah was dispatched to the store and arrived about 15 minutes after he had been dispatched. When he arrived the officer had to be informed as to what happened and given a chance to start his investigatory procedure.

From all the evidence before us, Skaggs' employees and the Glendale police officer proceeded in a reasonable and a workmanlike manner. It is reasonable to assume that had the appellant cooperated with Skaggs and the officer's simple request, the matter may have concluded more quickly.

Shoplifting represents a major source of economic loss to retail businesses. The statute creates a defense when as in the case at bar, the customer's conduct creates reasonable cause to believe shoplifting has occurred.

The motion for summary judgment of defendant Skaggs Drug Centers, Inc. was properly granted, appellant's cross motion for summary judgment was properly denied.

Affirmed.

NELSON, P. J., and OGG, J., concur.