### JOHN EDWARD HERBENER vs. JAMES CROSSAN.

*Malicious Prosecution—Pleading—Demurrer—What Plaintiff Must
Prove When Defendant Acted Under Direction of Justice
of Peace—No Excuse if Act was Voluntary—
Malice—Probable Cause—Measure
of Damages.*

1.  A certain plea held bad on demurrer.

2.  In an action for malicious prosecution it is incumbent on the plaintiff to prove that he has been prosecuted by the defendant as alleged in his declaration; that said prosecution has terminated in his favor; that the prosecution was instituted by the defendant maliciously and without probable cause, and that he has by reason thereo sustained damages.

3.  Even though the defendant may have acted generally under the directions of a Justice of the Peace, yet if he voluntarily and without coercion made the complaint upon which the warrants of arrest and search were made, and was of his own accord active and instrumental in bringing the plaintiff before the Justice in the criminal proceeding of which the latter complains, then he was the prosecutor in said proceeding.

4.  It is incumbent on the plaintiff to show not only that the defendant was the prosecutor, but also that the prosecution was instituted both maliciously and without probable cause.

5.  Any unlawful act done wilfully and purposely to the injury of another, is, as against that person malicious. Malice in law is either express or implied. Express malice, as applied to malicious prosecutions, means ill-will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act; as where he did it with a view to injure a particular individual generally, or in some specific manner; or that he acted from personal animosity, or an old grudge. And if there was want of probable cause for the prosecution, the law implies malice from that circumstance.

6.  The defendant is protected by the law in having prosecuted the plaintiff, if he had probable cause for so doing; and neither proof of express malice, nor the acquittal of the defendant in the criminal prosecution, is sufficient evidence of want of probable cause. It is necessary for the plaintiff to negative the existence of probable cause at the time of the institution of the criminal proceeding by some affirmative evidence.

7.  Whether there was, or was not, probable cause, depends upon the defendant's personal knowledge, or information communicated to him, of facts and circum-

stances at the time the prosecution was begun, sufficient to excite in the mind of a reasonably cautious and prudent person a reasonable belief of the plaintiff's guilt.

8. The measure of damages.

*(February 19, 1902.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting on demurrer; CHIEF JUSTICE and JUDGES PENNEWILL and BOYCE sitting at trial.

*L. Irving Handy* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1901.

ACTION ON THE CASE (No. 7, May Term, 1901) for malicious prosecution.

The defendant filed two pleas to the plaintiff's declaration, the second of which was a special plea, setting forth, in substance, that before the committing of the said supposed trespass, the defendant's house had been broken into and entered by some person unknown to the defendant and that a sum of money and divers goods and chattels had been stolen from said premises; that the said defendant thereupon immediately notified one Albert T. Williamson, the Justice of the Peace mentioned in the said several counts of the plaintiff's declaration and one William C. Pierson, constable mentioned in said declaration ; that a person unknown to the defendant appeared at the defendant's place of residence a short time before the date that his house was broken into, said unknown person having come there driving the plaintiff's horse and wagon ; that on the date the said defendant's house was broken into and entered a person, to the defendant unknown, driving the same horse and wagon, called at defendant's place of residence, pretending to want to purchase defendant's real estate, and entered defendant's

house, without invitation, and while therein looked about and examined the entire structure of defendant's house, as though acquainting himself therewith, and asked defendant's wife if she was there alone and when informed by defendant's wife that she would call the men who were about the premises, the said person protested and forthwith left defendant's house; that defendant informed said Williamson and said Pierson of the foregoing facts and circumstances, whereupon the said Williamson instituted an investigation and reported to the defendant that upon inquiry he had ascertained that the plaintiff answered the general description of the person who had called and inquired if defendant's property was for sale, as aforesaid, and that he, the said plaintiff, had an agent assisting him in his supposed business who had been in defendant's neighborhood, disguising himself in a suspicious manner; that the said plaintiff and his agent aforesaid, the night after defendant's house had been broken into, spent money with unusual freedom and exhibited to other persons large sums of money; that when the said Albert T. Williamson called at plaintiff's house to inquire about said plaintiff, occupants of the house manifested alarm and expressed fear of the arrest of said plaintiff and informed said Williamson that said plaintiff's agent had immediately left the State after a letter had been received by said plaintiff concerning said breaking into said defendant's house and stealing and carrying away of his said money, goods and chattels, wherefore the said defendant having good and probable cause of suspicion and vehemently suspecting the said plaintiff to have been guilty, or concerned in the breaking into and entering of defendant's house, stealing and carrying away said goods and chattels of the said defendant, and to have feloniously taken and carried away the same, did in good faith and without malice sign the said warrant in the several counts in the said declaration mentioned and make affidavit thereto, and then and there requested the said constable and peace officer to take the said plaintiff into his custody and safely keep him until he could be carried and conveyed, and to carry and convey him before the Justice of

the Peace in said declaration mentioned, to be examined by and before said Justice touching and concerning the premises, and to be further dealt with according to law; and on that occasion the said constable in said declaration mentioned, did then and there arrest the said plaintiff and take him in custody as soon as conveniently could be, to wit, at the time in said declaration mentioned; the said plaintiff was examined by the said Justice of the Peace, and the said plaintiff's premises were searched by the said constable, and the said plaintiff was afterwards discharged out of the custody by the said Justice of the Peace, and by means of the said several premises aforesaid the said plaintiff was kept and detained in prison for the said several spaces of time in the said several counts in the said declaration mentioned, the same being a reasonable time for that purpose and lawful and just for the causes aforesaid, which are the supposed trespasses in the several counts of the said declaration mentioned, whereof the said plaintiff hath above complained against the said defendant, and this the said defendant is ready to verify, whereof he prays judgment if the said plaintiff ought to have or or maintain his aforesaid action thereof against him, etc.

Plaintiff filed the following demurrer to the above plea:
" And as to the said plea of the said defendant by him secondly above pleaded the said plaintiff saith, that he, by reason of anything by the said defendant in said plea above alleged, ought not to be barred from having and maintaining his aforesaid action against the said defendant in respect to the grievances in the several counts of the plaintiff's declaration set out, because he saith that he, the said defendant, at the said time when, etc., in the said several counts mentioned, of his own malice and without any reasonable and probable cause whatever and without the cause by the said defendant in his said second plea mentioned, did commit the said grievances in the manner and form as the said plaintiff hath above thereof complained against the said defendant. And this the said plaintiff prays may be inquired of by the country, etc."

(On December 21, 1901, the demurrer was argued).

*Mr. Handy:*—Counsel advising must be a licensed attorney.
*Murphy vs. Larson, 77 Ill., 172 (175); Williams vs. Van Meter, 8 Mo., 339.*

Whether there is a probable cause for a prosecution is a question of law only when all the facts which are relevant are either agreed on are undisputed.
*Sartwell vs. Parker, 141 Mass., 405; Donnelly vs. Daggett, 145 Mass., 314.*

The law presumes that members of the bar have more knowledge of law than laymen, and an honest reliance on their advice will justify a prosecution.
*Stanton vs. Hart, 27 Mich., 539 (541).*

The advice of a person who is not an attorney but who sometimes advises his neighbors for pay, is not admissible as advice of counsel.
*Bivingston vs. Burroughs, 33 Mich., 511.*

So the advice of a person who is a Justice of the Peace, but not an attorney, is no protection.
*Sutton vs. McConnell, 46 Wis., 269 (280).*

In an action for malicious prosecution, proof that the defendant acted under the advice of a magistrate, or other person not learned in the law, is not admissible for the purpose of showing the absence of malice.
*Strauss vs. Young, 36 Md., 247 (256).*

In an action to recover damages for a malicious prosecution, the defendant cannot be permitted to prove that he acted under the advice of a Justice of the Peace in instituting the prosecution.

*Brobst vs. Ruff, 100 Pa. St., 91 (94); Buyett vs. Buyett, 43 Md., 78; Rigdon vs. Jordan, 81 Ga., 668.*

In an action for malicious prosecution evidence that the defendant in commencing the prosecution complained of, acted upon the advice of a person not a counsellor, or attorney at law, is incompetent to disprove malice.

*Olmstead vs. Partridge, 82 Mass., 381.*

I rely in my demurrer on this point: That the defendant has in his plea based his defense on the advice of a Justice of the Peace. Counsel now says that is not his purpose, but he only states that as one of the circumstances. I still hold to the proposition for this reason: that he cannot show that advice, under the decisions, even as one of the circumstances.

*Strauss vs. Young, 36 Md., 247 (256); Brobst vs. Ruff, 100 Pa. St., 94.*

*Whiteman,* for defendant, replied.

LORE, C. J.:—You have so interwoven the advice and the other probable cause, Mr. Whiteman, as to make the whole plea bad.

We sustain the demurrer.

(At the trial of the case on February 19, 1902, the Court charged the jury as follows):

BOYCE, J., charging the jury:

Gentlemen of the jury:—We have been requested to instruct you to render a verdict for the defendant. This we decline to do.

The plaintiff in this action seeks to recover damages for malicious prosecution, alleged to have been instituted by the defendant against the plaintiff without probable cause, before Albert T. Wil-

liamson, a Justice of the Peace, in this county, upon complaint made by the defendant to the effect that the plaintiff did, on the second day of February, 1901, break into his house in the night time and did steal and carry away certain moneys, goods and chattels then therein.   It is charged by the plaintiff that upon said complaint having been made by the defendant before said Justice, on the sixth day of February the same year, the defendant caused process for his arrest as well as a search warrant to be issued by said Justice and placed in the hands of William C. Pierson, a constable of this county, who in company with the defendant, on the said sixth day of February, arrested him, the plaintiff, and also made search of his house for the money, goods and chattels of which the defendant claimed he had been robbed.

Both the arrest of the plaintiff and the search of his premises are admitted, but the defendant in one of his pleas to the declaration, justifies the part which he took in the criminal prosecution, alleging in substance that he had probable cause to believe the plaintiff guilty of the breaking into and entering, or of being concerned in the breaking into and entering his house, and stealing and carrying away said moneys, goods and chattels, basing his belief, as he alleges, upon the result of an investigation made by the said Justice and subsequently reported to him relative to the perpetrator of the said offense, the commission of which he had previously made known to the Justice.

You have patiently and no doubt attentively listened to the evidence produced in this case, and it is unnecessary to summarize more particularly the contentions between the parties to this action. You are the exclusive judges of the weight and value of the evidence, and it now becomes your duty to consider and apply it to the law of the case as announced to you by the Court.

In an action for malicious prosecution it is incumbent upon the plaintiff to prove that he has been prosecuted by the defendant as alleged in his declaration, and that said prosecution has terminated in his favor; that the prosecution was instituted by the de-

fendant maliciously and without probable cause; and that he has by reason thereof sustained damages. If the plaintiff has failed to satisfy you by a preponderance of evidence as to any one of these essential elements necessary to the maintenance of this action, he cannot recover.

The gravamen of the action is that the plaintiff has improperly been made the subject of legal process to his damage. (*2 Greenl. Ev., Sec. 449*).

It is admitted that the plaintiff was proceeded against criminally and that the prosecution terminated in his favor; but it is denied that the defendant was the prosecutor, and it is contended that he only acted under the directions of the Justice. Upon this point we say to you that if you find from the evidence that the defendant voluntarily and without coercion made the complaint upon which the warrants of arrest and search were made and that he was of his own accord active and instrumental in bringing the plaintiff before the Justice in the criminal proceeding of which the latter complains, then he was the prosecutor in said proceeding. If, under this instruction, you find that the defendant was the prosecutor, then it will still remain for you to ascertain and determine whether the prosecution was instituted both maliciously and without probable cause. There must be a concurrence in these; for even if a prosecution be malicious, and yet if there was probable cause, an action cannot be maintained. As to whether the defendant was actuated by malicious motives, we will say for your guidance that any unlawful act done wilfully and purposely to the injury of another, is, as against that person, in a legal sense, malicious. (*2 Greenl. Ev. Sec. 453*).

Malice in law is either express or implied. Express malice as applied to a malicious prosecution has been defined by this Court to mean ill-will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act as where he did it with the view to injure a particular individual generally, or in some specific manner, or that he acted from personal

animosity, or an old grudge. And it has likewise been held that if it be shown that there was a want of any probable cause for the prosecution, the law implies malice from that circumstance.

*Wells vs. Parsons, 3 Harr, 505.*

Touching the question of want of probable cause, it has been ruled by this Court that neither proof of express malice nor the acquittal of the defendant in a criminal prosecution is sufficient evidence of want of probable cause; and it is, therefore, necessary and incumbent upon the plaintiff to negative the existence of probable cause at the time of the institution of the criminal proceeding by some affirmative evidence—that is, as was said by Chief Justice Gilpin, in the case of *Anderson vs. Callaway, 2 Houst., 324,* the plaintiff must make some proof that there was no reasonable ground for the charge, and that it was without any probable cause to sustain it, or to induce a candid belief in it; for, as was declared by Chief Justice Booth, in the case of *Wells vs. Parsons, supra,* however malicious may have been the motives of the defendant towards the plaintiff, he is protected by the law in having prosecuted the plaintiff, if he had probable cause for so doing. This rule of law which protects a party for instituting or conducting a criminal charge, where there is probable cause for it, proceeds upon principles of policy, convenience and justice.

Under the uncontroverted facts in this case, the question of probable cause is a most important element which you have to consider, and the question thus presented is not whether the plaintiff was guilty of the charge preferred against him before the Justice, nor whether the defendant made the complaint from malicious motives, but whether the defendant had at the time of making the complaint and causing the arrest of the plaintiff and the search of his house, reasonable cause for so doing. (*Davis vs. Hardy, 13 E. C. L. R., 152.*) Whether there was or was not probable cause depends upon the defendant's personal knowledge or information communicated to him of facts and circumstances at the time the prosecution was begun sufficient to excite in the mind of a reason-

ably cautious and prudent person a reasonable belief in the plaintiff's guilt. It is immaterial whether the defendant acted on his own knowledge of the facts, or upon information received from what he in good faith may have regarded reliable sources.

The question of what constitutes probable cause was said in the case of *Fagan vs. Knox, 66 N. Y., 525,* not to depend upon whether the offense complained of has been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. And in the case of *Cooper vs. Utterback, 37 Md., 282,* probable cause was held to mean the existence of such facts and circumstances as would excite the belief in a reasonable mind that the plaintiff was guilty of the offense for which he was prosecuted.

If when the defendant made the complaint and caused the issuance of the warrants under which the plaintiff was arrested, and his house searched, he believed that the plaintiff had committed, or was a participant in the commission of, the offense charged in the complaint, then there was probable cause for his action, and your verdict should be for the defendant.

*Wells vs. Parsons, supra ; Boyd vs. Cross, 35 Md., 197.*

If you find that the defendant was actuated by malicious motives and without probable cause, your verdict should be for the plaintiff, and in that event you should award such damages as you may find from the evidence that the plaintiff has sustained, and for this purpose you may take into consideration his arrest, detention, search of his dwelling, the injury to his reputation and feelings, together with such expenses, if any, as he may necessarily have incurred in and about the said prosecution.

Verdict for defendant.