PARÉS, APPELLANT, *v.* RUIZ, RESPONDENT.

APPEAL from the District Court of Arecibo.

No. 941.—Decided April 3, 1913.

MALICIOUS PROSECUTION—ELEMENTS OF ACTIONS.—In actions of this character there are four essential elements: 1. That the plaintiff has been prosecuted by the defendant. 2. That the prosecution ended favorably to the plaintiff. 3. That it was instituted maliciously and without probable cause. 4. That the plaintiff sustained damages thereby.

ID.—ELEMENTS OF ACTIONS—CRIMINAL COMPLAINT—WITNESS FOR PROSECUTION.—When, as in the case at bar, it is proved that the plaintiff was accused by a district chief of police and that the defendant merely complied with his duty in testifying as a witness for the prosecution at the trial, it must be concluded that the essential element that the plaintiff was prosecuted by the defendant does not exist.

ID.—CRIMINAL COMPLAINT—NOLLE PROSEQUI.—In order that an action for malicious prosecution may prosper when said action is based on a criminal complaint, it is necessary to allege facts tending to show that the criminal action ended favorably to the plaintiff and that he was found not guilty. The fact that a *fiscal* withdraws the criminal prosecution is sometimes insufficient in cases of this character.

ID.—PROBABLE CAUSE—MALICE.—In actions for malicious prosecution the plaintiff

must allege and prove the absence of probable cause for the defendant to accuse the plaintiff and the existence of malice in fact as distinguished from malice in law.

ID.—PROBABLE CAUSE—BELIEF OF ACCUSER.—The existence of probable cause does not depend upon the commission of the crime, nor upon the guilt or innocence of the accused, but upon the belief of the accuser in the truth of the charge made by him. If circumstances are sufficient to produce in the mind of a reasonable person the belief that the charge he makes is true, this is sufficient.

The facts are stated in the opinion.

*Mr. José Sabater* for appellant.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case in which $5,000 damages are claimed for a malicious prosecution, arising out of a charge made against the plaintiff for horse stealing. The facts, as gleaned from the record, are about as follows: On or about December 25, 1909, a horse in possession of Benito Ruiz and owned by his son disappeared from its pasture grounds at Caonillas, in the district of Utuado. Notice of the occurrence and a description of the horse was given by Mr. Ruiz to the police headquarters at Utuado, whereupon the officers took the necessary steps looking to its recovery. On July 12, 1910, Benito Ruiz was requested by the District Chief of Police of Maricao to go to that town and identify the missing animal. He did so taking with him Telesforo Quiñones, who knew the horse thoroughly, as well as his son, Pelayo Ruiz, to assist in the identification. On arriving at Maricao, Telesforo Quiñones, who was accompanied by the officer, identified the horse, which was found at the farm of Don Adolfo Hau, as the one which was missing from Utuado, the horse being likewise identified at this period of the investigation by Pelayo Ruiz and Benito Ruiz, and subsequently by Sinforoso Serrano, Venancio González and Ramón González, and the description of the horse tallying with that set forth in the warrant, according to the said officer Feliciano, the police took charge of the animal. The District Chief of Police of Maricao, José García Torres, under date of July 13, 1910, filed

with the justice of the peace of said municipality a complaint, sworn to before the said functionary, accusing Enrique Cerezo and Feliciano Parés of grand larceny, setting forth therein the removal of the horse from Utuado, its description as set forth in the warrant, its possession by Mr. Hau, the circumstance of its having been sold to the latter by Cerezo and Parés by means of a bill of sale made out in a suspicious manner; the fact that the said horse belonged to José Vicente Ruiz and that it had been identified by the witnesses whose names are mentioned. On the same date the justice of the peace issued an order of arrest based on the complaint, and on the testimony sworn to and subscribed before him in the course of the investigation by Pelayo Ruiz, Telesforo Quiñones and Benito Ruiz. The plaintiff was arrested and released on a $500 bond pending trial. Upon the termination of the proceedings the case was referred, by the justice of the peace, to the *fiscal* of the District Court of Arecibo who proceeded with the investigation and then made an entry of *nolle prosequi,* ordering the said horse to be delivered to Don Adolfo Hau as the owner thereof, José Vicente Ruiz to have his remedy by a civil action at law. The *fiscal* based his withdrawal or *nolle prosequi* on the ground that there was not sufficient proof to prosecute any one. It seems that the *fiscal* was not satisfied that the animal had been sufficiently identified.

On July 10, 1911, Feliciano Parés filed a complaint against Benito Ruiz for the recovery of the sum of $5,000 as damages on the ground that he had been maliciously and without probable cause charged before the Justice of the Peace of Maricao with the theft of a horse belonging to Vicente Ruiz by Benito Ruiz, who had aided and procured the issuance, by the said justice of the peace, of a warrant of arrest against the plaintiff, Parés, who was arrested and liberated the same day under bond of $500, which bond he gave, the said criminal proceedings having been withdrawn by the *fiscal* of the District Court of Arecibo.

The defendant denied the facts alleged in the complaint and as a defense set up that he had not made the charges mentioned in the complaint nor any other against plaintiff.

Evidence was introduced by both parties, both oral and written, and after a regular trial the court rendered its judgment stating that the law and the facts are against the plaintiff and dismissing the complaint in all its parts with costs in favor of the defendant. This judgment was rendered on June 17, 1912; and an appeal was duly taken and perfected to this court. The case was heard by us on the 4th instant and taken under advisement.

The action called malicious prosecution arises *ex delicto* and is used for the recovery of damages to person, property or reputation shown to have proximately resulted from a previous civil or criminal proceeding, which was begun or continued with malice and without probable cause and terminated in failure. It is a tort. The gist of the action is that the plaintiff has been improperly made the subject of legal process resulting in his damage. 26 Cyc., 6. *Herbener* v. *Crossan* (Del.) 55 Atl. Rep., 223; *Stone* v. *Crocker,* 24 Pick. (Mass.), 81.

This is the first case of this kind which has been heard in this court and of course there are no precedents in our own reports directly in point. However, the general subject of torts has been repeatedly examined by us in several cases and Chapter II of Title XVI of our Civil Code, embracing sections 1803 to 1811, sets out the substantive law on the subject. We have discussed questions of tort in the cases of *Pérez* v. *Yabucoa Sugar Company,* 15 P. R. R., 201; *Vargas* v. *Monroig,* 15 P. R. R., 31; *Zalduondo* v. *Sánchez,* 15 P. R. R., 220; *Díaz* v. *San Juan Light and Transit Company,* 17 P. R. R., 64. In these opinions many American cases are cited illustrating the general subject and showing that the legal principles governing torts are substantially the same in the Spanish and the American systems of jurisprudence.

We will not follow the assignments of error set out by

counsel for appellant in his brief. Those relating to the evidence prove to be immaterial in view of the conclusions reached by us on the fundamental propositions underlying the case prosecuted in the record.

In actions of malicious prosecution there are four essential elements which must be alleged and proven, to wit:

1. That the plaintiff has been prosecuted by the defendant.

2. That the prosecution ended favorably to the plaintiff.

3. That it was instituted maliciously and without probable cause.

4. That plaintiff sustained damages thereby. Field on Damages, section 686, p. 544; 26 Cyc., 8; *Breneman* v. *West,* 21 Tex. Civ. App., 19, 50 S. W. Rep., 471; *Collins* v. *Campbell,* 18 R. I., 738, 31 Atl., Rep., 832. Let us examine then, in the light of the established legal doctrines and principles, the facts of the present case in order to determine whether or not the elements constituting malicious prosecution exist therein.

1. Has the plaintiff been prosecuted by the defendant? The plaintiff alleges in the first paragraph of his complaint that the defendant, Benito Ruiz, maliciously and without probable cause or motives to justify such action charged him, before the Justice of the Peace of Maricao, with the commission of grand larceny, procuring and abetting the issuance of a warrant of arrest by the said justice of the peace against the plaintiff. This allegation is not supported by the evidence before us which, on the contrary, shows that the events took place in a manner quite different from that alleged. In the first place we find that the original information or complaint against the plaintiff was presented to the Justice of the Peace of Maricao by the district chief of police located in that town, who subscribed and swore to it before the duly authorized officers. The name of Benito Ruiz did not even occur in the body of that complaint. It appears only in conjunction with other witnesses for the prosecution mentioned at the end of the said complaint. There is not the slightest

evidence to prove nor even indicate any act on the part of the defendant, Ruiz, whereby he endeavored to induce, to influence or to incite the justice of the peace at Maricao to cause the arrest of the plaintiff.   The fact that Ruiz gave evidence as a witness cannot, under a due consideration of the matter, be considered as such an act; since by rendering such testimony he not only complied with a duty imposed on him by law, but also aided in the administration of justice in the investigation of a pending case that had been initiated by a complaint previously filed by a police officer.   Further, the charge made against the defendant herein is even less justified when we take into consideration a resumé of the testimony of Benito Ruiz himself, where he limits his action to testifying as to the disappearance of the horse from his farm in Utuado, the description of the animal and the knowledge that he obtained through the police that the horse had been found at Maricao, which occasioned his journey to that town where he found the horse to be in the possession of Mr. Hau.   In his testimony he does not make the slightest accusation against anybody for the theft of the horse, limiting himself to stating, as on information, what had been learned from Mr. Hau and what was set forth in the bill of sale—that is to say, the sale of the horse made to Mr. Hau by Cerezo and Parés, both of these latter being persons utterly unknown to him.   In all the actions performed by the defendant, Ruiz, during the course of the proceedings, from the time of the disappearance of the horse from his farm at Utuado up to the withdrawal of the charge by the *fiscal,* we find that no action whatever has been taken by him, either directly or indirectly, requiring the arrest of the plaintiff, nor his prosecution.   Then we cannot hold the first requisite in this action of malicious prosecution to have been sustained.   So it appears that the defendant was not the accuser of the plaintiff nor did he do any act from which he could be so regarded.

2. Has the prosecution terminated in favor of the plain-

tiff? In the third paragraph of the complaint is set forth the withdrawal of the *fiscal* of Arecibo of the prosecution, by an entry of *nolle prosequi*. The ground on which such entry was made lies in the lack of a proper identification of the horse found in possession of Mr. Hau with that which had been stolen or missing; the *fiscal* being of the opinion that there was not sufficient ground for charging any special person with the theft, and estimating that the question of ownership had to be determined prior to the fixing of criminal liability. In actions for malicious prosecution on account of judicial proceedings charging crimes the complaint must set forth facts showing that the malicious action recited has terminated favorably to the plaintiff; and an action for malicious prosecution cannot be maintained until the plaintiff has been declared not guilty or until the prosecution has finally resulted in his favor. The decision of the prosecuting attorney not to follow the case to trial, for the reason that he does not believe or consider that the charge is entirely upheld by the evidence, is sometimes insufficient. 26 Cyc., 60. But giving the appellant the benefit of the doubt on this point he would still have failed to make out a case for lack of other elements essential to the action.

3. We now arrive at the third element required in actions for malicious prosecution. In order to carry his action to a successful issue the plaintiff must set forth and prove the absence of probable cause on the part of the defendant in making the accusation or complaint as well as the existence of malice—that is, malice in fact as distinct from malice in law. And we may even consider as a paramount question the lack of probable cause, in actions like the one at bar, as it is established in the case of *Grant* v. *Moore,* 29 Cal., 644, as well as in the case of *Ball* v. *Rawles,* 93 Cal., 222, that while there may be malice in the prosecution the defendant is not liable in civil damages unless there be also a lack of probable cause in the charge made by him. See *Pierce* v. *Doolittle,* 130 Iowa, 337. In the case of *Potter* v. *Seale,* 8

Cal., 218, and *Smith* v. *Liverpool etc. Insurance Company,* 107 Cal., 432, probable cause is defined as a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true.   See also *Harkrader* v. *Moore,* 44 Cal., 144.   These elements are essential to the successful result of the action for damages and must be established as existing both at the time of making and after, effecting the criminal charge.

And from all that can be found in the record the statements made by the defendant on the witness stand constitute the only ground upon which the plaintiff bases his charge of malice or lack of probable cause on the part of the defendant, in order to accuse him of having caused the justice of the peace to issue a warrant for the arrest of the plaintiff.   Ruiz, throughout the whole transaction, cast no suspicion on any one nor did he join with the police in the prosecution of any particular person, simply limiting himself to the taking of such steps as were just and reasonable and such as any person suffering such a loss would have done, to wit, notifying the police at Utuado of the fact of the disappearance of the horse and giving them a description of the missing animal and going to Maricao in response to a telegram sent him by the district chief of police notifying him of the discovery of the horse and requiring his presence to identify the same, which he did on arriving at Maricao and gave the necessary testimony in the proceedings therein instituted. The police, in the execution of their duty, took charge of the horse which Hau had purchased from Cerezo and Parés, the description of which coincided with that of the animal belonging to Ruiz, as set forth in the warrant issued at police headquarters.   From this moment the case pursued the even tenor of its way without any intervention on the part of the said defendant, Ruiz, other than as a mere witness.   We have already had occasion to observe the testimony given by the defendant, Ruiz, in the investigation and therefrom can easily

arrive at the reasonable conclusion that such testimony was in no wise inspired by a malicious motive, but on the contrary merely referred to certain acts that had taken place in regard to a missing animal without any statement implying suspicion or referring to any specified individual. Malice in its legal signification means a wrongful act done intentionall7 without just cause or excuse. *Maynard* v. *F. F. Insurance Company,* 34 Cal., 53; *Lyon* v. *Hancock,* 35 Cal., 376. Porto Rican Law of Evidence, section 101; Penal Code of Porto Rico, section 559, paragraph 4; Rev. Stats. p. 615. The facts, as they have occurred herein, and the circumstances surrounding the same demonstrate clearly a lack of all malice on the part of the defendant; such malice being an essentia! element in an action brought for malicious prosecution as is decided in the case of *Smith* v. *Liverpool etc. Insurance Company,* 107 Cal., 432, and others. The matter of probable cause does not depend on whether an offense has been committed nor on the actual guilt or innocence of the person accused, but on the belief of the accuser in the truth of the charge made by him. If circumstances are adduced sufficient to produce in the mind of a reasonable person the belief that the charge he makes is true, this is sufficient. This principle is supported by the decisions of the court of New York in the cases of *Farnan* v. *Feeley,* 56 N. Y. App., 451 and *Carl* v. *Ayers,* 53 N. Y. App., 14, and authorities cited therein. See also *De Courcey* v. *Cox,* 94 Cal., 667.

4. Then let us consider the fourth and last element in actions like the present. Has the plaintiff sustained any damages at the hands of the defendant? Seeing from all the testimony adduced that the damages claimed have no legal basis on which to rest it is impossible to estimate the amount of the same; nevertheless, we should perhaps point out in this case the fact that such damages have not been proven; they having been made to depend on the state of mind of certain other persons in regard to the plaintiff, which indicates contingent and not actual damages; besides **which**

the complaint does not state specific damages. And, moreover, if the plaintiff had been able to show any damages to have been suffered by him he has utterly failed to properly connect the defendant, Ruiz, with the cause of the same. So it is that the fourth and last element is lacking to a successful maintenance of this claim for malicious prosecution.

It will be observed that we have recited four indispensable requisites which must concur to afford a successful result in an action for malicious prosecution. If any one of them is lacking, the result is fatal to the case of the plaintiff. But in the present case not one of the four appears to be well founded.

For the reasons stated, and perhaps others which might be given if necessary, the judgment of the court below should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.