[No. 6084.]

WM. N. ANDERSON ET AL. *v.* WM. T. COLEMAN.

MALICIOUS PROSECUTION.—In order to sustain an action for malicious prosecution, malice and want of probable cause must concur. If either of these be wanting the action must fail.

APPEAL from the District Court of the Twenty-Second Judicial District, Marin County.

Action for damages alleged to have been caused by defendant in maliciously suing out an injunction. The defendant was the owner of a tract of land adjoining the town of San Rafael, known as the "Picnic Valley Tract." The tract was laid out into small lots suitable for homesteads. The plaintiffs for many years maintained a large slaughter-house, with cattle-pens, hog-pens, and sheep-pens, upon a lot within the corporate limits of San Rafael. The business became a nuisance in the neighborhood, and the Town Trustees caused it to be abated in November, 1874. Soon afterwards the plaintiffs bought one of defendant's homestead lots, one hundred and fifty feet square, just outside the town limits, and situate upon the "Old Point San Quentin Road"—the only road by which the defendant's lots were accessible. They then made preparations to move their slaughter-house upon the lot. The defendant having failed to dissuade them from their purpose, sued out a preliminary injunction, which was subsequently dissolved, and final judgment was given the defendants in the injunction suit, the plaintiffs here. They then commenced this action.

In addition to the instruction quoted in the opinion, the Court gave the following instructions:

"First—If you find from all the facts that defendant, at the time he obtained the injunction against plaintiffs, fully and honestly believed, and had good cause to believe, that he could maintain said injunction, then he had a probable cause to take out said injunction; but in determining this question the advice of counsel is of no consequence, and should have no weight whatever, unless you find that he fully, fairly, and truthfully stated his case, and was then advised that such action could be maintained.

"Second—If you are of opinion that the defendant did not fully and honestly believe, or did not have good and sufficient cause to believe, that he could maintain the injunction, then he acted without probable cause, unless after a full, fair, and truthful statement of his case to his counsel he was positively advised by them that he could maintain such injunction.

"Third—If you find that the injunction was taken out without probable cause, you are at liberty to infer malice from that fact alone.

"Fourth—If you find that the injunction was sued out in the case of *Coleman* v. *Anderson & Dubois* without probable cause, and with express malice, then the amount of damages to be awarded is in your discretion; and the word 'malice' in law does not necessarily imply hatred, ill-will, and the like passions, but a simple intent to do a wrongful act, or a simple wish to vex, annoy, or injure."

Judgment was rendered for the plaintiffs, and the defendant appealed.

*B. S. Brooks* and *E. B. Mahon,* for Appellant, cited *Levy* v. *Brannan,* 39 Cal. 488; *Harkrader* v. *Moore,* 44 Cal. 153; *Fochay* v. *Ferguson,* 2 Denio, 619; *Potter* v. *Seale,* 8 Cal. 226.

*Thos. H. Hanson* and *Pratt & Metcalf,* for Respondents.

By the COURT:

Irrespective of the other points relied upon by the appellant, and which it is not necessary to notice now, we are satisfied that there was error in the refusal of the Court below to give the *second* instruction asked by the defendant and refused by the Court. That instruction, as asked, was as follows: "Second —If the defendant instituted the action against W. W. Anderson and E. Dubois to obtain an injunction in good faith, without malice, and with no other motive than to protect his own property from threatened injury, the plaintiffs cannot, in this action, recover against him."

In order to sustain an action for malicious prosecution, malice and want of probable cause must concur. If either of these be

wanting the action must fail. This is the settled rule, and was conceded by the counsel for the respondents at the argument. Nor was the error in this respect cured by the other instructions given at the trial.

Judgment and order denying a new trial reversed, and cause remanded.