## HYNES v. NELSON.

### January 19, 1884.

#### 2 Pac. 36.

**Appeal.—An Order of the Court, of Its Own Motion, Setting Aside a Verdict** is the equivalent of an order granting a new trial, and is reviewable upon a statement on appeal; but, being a matter within the legal discretion of the trial court, this court will not interfere with it unless abuse of discretion is shown.

**Malicious Prosecution—Probable Cause.—Where the Uncontradicted Evidence** in a suit for malicious prosecution tends to show probable cause, and the verdict of the jury is against the instructions of the court, we cannot hold that there was an abuse of discretion in setting it aside.

A. E. Castello, W. H. Allen and Geo. W. Lewis for appellant and plaintiff; Vrooman & Davis for respondent.

McKEE, J.—The case in hand arises out of an action for malicious prosecution. There was a verdict for the plaintiff for $5,000 damages, which the court, of its own motion, set aside under section 622 of the Code of Civil Procedure. By the provisions of that section a court is authorized of its own motion to set aside a verdict "when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of the instructions, or under the influence of passion or prejudice." The order made in the exercise of that power is reviewable, upon a statement on appeal, in the same manner as an order made on motion for a new trial. An order ex mero motu, vacating a verdict, is therefore the equivalent of an order granting a new trial; and, as either is a matter within the legal discretion of the court that makes the order, this court will not interfere with it unless the circumstances of the case, and the principle of law applicable to them, show that there has been an abuse of discretion. It appears by the order entered that the verdict was set aside because it "was not supported by the evidence given on the trial," and because it "was contrary to the instructions of the court given to the jury." Either of these was good ground for setting the verdict aside, and the presumption is in favor of the ruling of the court.

The controlling questions in the case were the existence of malice in the prosecutor and want of probable cause for the prosecution complained of. It was necessary for the plaintiff to prove each of these things in order to recover. But the primary question was, whether the prosecution was with or without probable cause: Grant v. Moore, 29 Cal. 644. That was a mixed question of law and fact: of fact, for the jury, if there was a conflict of evidence, under proper instructions by the court; and of law, for the court, if the underlying facts were admitted or uncontroverted: Potter v. Seale, 8 Cal. 217; Harkrader v. Moore, 44 Cal. 144; Anderson v. Coleman, 53 Cal. 188.

To prove a want of probable cause, it appears, by the statement on appeal, the plaintiff gave proof of the circumstances of the prosecution, of her arrest and imprisonment under it for five days, and of the dismissal of the charge against her on motion of the district attorney; and in giving testimony in her own behalf she stated, ''There was no foundation in fact for the charge made against me.'' To rebut that evidence the defendant called a witness who gave testimony tending to prove the truth of the charge, and that she had given to defendant information of all the facts within her knowledge as to the truth of it. Her statements the defendant testified he believed, and that believing them he fully and fairly laid them, ''just as the witness told him,'' before his own counsel and the district attorney of the county; and that, acting under the advice of his counsel, he had the plaintiff arrested for the offense complained of, and appeared in court to testify against her; but the district attorney dismissed the case, without his procurement or consent, and without the examination of any witnesses. This testimony of the defendant appears to have been uncontroverted, and with reference to it the court instructed the jury that if the defendant, from the information given to him, believed that the plaintiff was threatening, or about to commit, a crime against him, ''and, acting upon that belief, consulted his counsel, and his counsel advised him that it was a crime, and that he might and ought to have her arrested, and if, acting on that advice, and upon his belief that she was the person, he caused this warrant to be issued and this arrest to be made, then if you find these facts to be true, that would in law constitute probable cause.'' That was the law of the question (Harkrader v. Moore, supra;

Anderson v. Coleman, supra), and the jurors were bound to take it as the law from the court and apply it to the facts in the case. If the defendant had probable cause, the plaintiff was not entitled to recover, and as the verdict appeared to the court contrary to its instruction, we are not prepared to say there was error or abuse of discretion in setting it aside ex mero motu. It is the duty of a court to set aside a perverse verdict.

Order affirmed.

We concur in the judgment: McKinstry, J.; Ross, J.