(July 8, 1919.)

## J. V. DE LAMATER, Respondent, v. ANDREW LITTLE, Appellant.

[182 Pac. 853.]

APPEAL AND ERROR—MISCONDUCT OF COUNSEL—MALICIOUS PROSECUTION —INSTRUCTIONS—PROBABLE CAUSE—SPECIAL VERDICT.

1. Where counsel for respondent in addressing the jury makes a statement calculated to prejudice the cause of appellant, which is not borne out by the evidence, and, upon exception being taken thereto, the court instructs the jury to disregard such statement, the ruling being favorable to appellant, the incident presents nothing to this court for review.

2. Any motive which prompts the commencement of a criminal prosecution, other than to bring the accused to justice, is malicious.

3. An instruction defining probable cause to mean the existence of such facts and circumstances as would excite the belief in a reasonably prudent man's mind, acting on the facts or information within the knowledge or reach of the complaining witness at the time, that the person charged was guilty of the crime for which he was prosecuted, is not erroneous.

4. In a case wherein the issues are not complicated, it is not an abuse of discretion for the judge to refuse to submit questions to the jury for the purpose of obtaining a special verdict.

[As to expression of opinion as to guilt of accused as improper argument by prosecuting attorney, see note in Ann. Cas. 1916A, 431.]

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action for damages for malicious prosecution. Judgment for plaintiff. *Affirmed.*

Finley Monroe and Scatterday & Van Duyn, for Appellant.

Improper and prejudicial remarks made by counsel for plaintiff undoubtedly had their effect on the jury. An instruction by the court would not have eradicated it. (*Mc-*

*Lean v. Hayden Creek Mining etc. Co.,* 25 Ida. 416, 429, 138 Pac. 331; *Goldstone v. Rustemeyer,* 21 Ida. 703, 707, 123 Pac. 635; *Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20, 28, 124 Pac. 783; *Powers v. Boise City,* 22 Ida. 286, 292, 125 Pac. 194; *State v. Givens,* 28 Ida. 253, 267, 152 Pac. 1054, 1057; *Cleveland Paper Co. v. Banks,* 15 Neb. 20, 48 Am. Rep. 334, 338, 16 N. W. 833; *Hatch v. State,* 8 Tex. App. 416, 34 Am. Rep. 751; *McDonald v. People,* 126 Ill. 150, 9 Am. St. 547, 558, 18 N. E. 817; *Brown v. Swineford,* 44 Wis. 282, 28 Am. Rep. 582; *Tucker v. Henniker,* 41 N. H. 317, 325; *School Town of Rochester v. Shaw,* 100 Ind. 268; 38 Cyc. 1494 (14); *Smith v. Western Union Telegraph Co.,* 55 Mo. App. 626.)

The court erred in refusing to submit to the jury for special finding defendant's questions Nos. 1 and 2. It was the duty of the court to find, as a matter of law, whether or not probable cause existed, and for the jury to find, as a matter of fact, the truth of the defendant's statements as disclosed to his attorney, or other facts constituting probable cause. (*Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, Ann. Cas. 1918A, 489, 152 Pac. 1015; *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D, 16; *Dunnington v. Loeser,* 48 Okl. 636, 149 Pac. 1161, 150 Pac. 874; *Burke v. McDonald,* 2 Ida. 679, 33 Pac. 49.)

A. C. Hindman and Geo. F. Zimmerman, for Respondent.

The remark made by counsel in no way influenced the jury in arriving at its verdict. The instruction of the court to the jury to disregard the remark cured any possible error committed by counsel in making it. (*Theriault v. California Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719; *Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20, 124 Pac. 783.)

"The prosecution of a person criminally with any other motive than that of bringing a guilty party to justice is malicious." (26 Cyc. 49; *Krug v. Ward,* 77 Ill. 603; *Kendrick v. Cypert,* 10 Humph. (Tenn.) 291; *Gabel v. Weisensee,* 49 Tex. 131; *Porter v. Martyn* (Tex. Civ.), 32 S. W. 731;

*Vinal v. Core,* 18 W. Va. 1; *Rosenblatt v. Rosenberg,* 1 Neb. (Unof.) 656, 95 N. W.,686.) "In cases of criminal prosecutions, probable cause means reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense with which he is charged." (26 Cyc. 24; *Lacy v. Mitchell,* 23 Ind. 67; *Indianapolis Traction etc. Co. v. Henby,* 178 Ind. 239, 97 N. E. 313.)

"It is the province of the court to determine as to what particular facts the jury shall find specially, and neither party has the right to dictate the terms of such questions, and for refusing to comply with such request no error can be assigned." (*Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835.)

MORGAN, C. J.—This is an appeal from a judgment in favor of plaintiff, and from an order denying a motion for a new trial, in an action for damages for malicious prosecution.

One of the points relied on by appellant is disclosed by the following extract from the record relative to an incident which occurred during the argument of counsel for respondent to the jury:

"By Mr. Van Duyn: We hereby except to the statement made by Mr. Zimmerman in his argument that it is common knowledge that Mr. Little has been trampling over the rights of others, for the reason that there is no evidence of such in the case.

"By the Court: The jury will be instructed to disregard the statement of counsel for the reason that there is no evidence in the record upon which such argument could be based."

The ruling was favorable to appellant and the incident presents nothing to this court for review. (*Palcher v. Oregon Short Line R. R. Co.,* 31 Ida. 93, 169 Pac. 298; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588.)

The defense was that appellant, in causing the prosecution, acted upon the advice of counsel, without malice and with

reasonable and probable cause to believe respondent guilty of the crime charged.

Appellant complains of a statement in one of the instructions to the effect that any motive which prompts the commencement of a criminal prosecution, other than to bring the accused to justice, is malicious; also to a portion of another instruction to the effect that if it be shown the advice of counsel was not sought in good faith and for the protection of the public, it is not a defense. The language complained of is a correct statement of the law. (18 R. C. L., p. 28, sec. 16; 26 Cyc. 49.)

The action of the judge in instructing the jury that "by the term 'probable cause' is meant the existence of such facts and circumstances as would excite the belief in a reasonably prudent man's mind, acting on the facts or information within the knowledge or reach of the complaining witness at the time, that the person charged was guilty of the crime for which he was prosecuted," is assigned as error, fault being found with the portion of the instruction which refers to facts or information within the reach of the complaining witness. In this connection it is argued that it is not necessary for a prosecuting witness, who relies upon the advice of counsel as a defense in a suit for malicious prosecution, to have stated to his attorney all the facts within his reach. In *Ross v. Kerr*, 30 Ida. 492, 167 Pac. 654, the rule is thus stated: "To justify by advice of counsel defendant must show that he truly and correctly, fully and fairly, and in good faith stated to such counsel all of the facts within his knowledge, or which he might, with reasonable diligence, have ascertained, bearing upon the guilt or innocence of the accused."

While that language is probably preferable to that employed by the judge in this case, an instruction to the jury to view the conduct of the defendant in the light of facts within his knowledge, and of such further facts, if any, as were within his reach, conveys the same thought as does an instruction that such conduct should be viewed in the light of facts within his knowledge, or which he might, with reasonable diligence, have ascertained, and the charge, as given, is not erroneous.

Appellant requested the court to submit to the jury, for special findings, the following questions:

"1. Answer yes or no. Did the defendant, Andrew Little, in instituting the criminal action against the plaintiff do so with the intent and wish to vex and annoy the plaintiff or to do a wrongful act?

"2. Answer yes or no. Did the defendant, Andrew Little, make to his attorney, Finley Monroe, a full and true statement of all the facts within his knowledge concerning the crime charged in the case of the *State of Idaho v. De Lamater,* and did he act upon the advice of said attorney?"

It is said in 26 Cyc. 109: "The court may take a special verdict and determine the question of probable cause thereon as a matter of law, or it may instruct the jury hypothetically within the range of facts which the evidence tends to establish as to what constitutes probable cause, and thus leave it to the jury to determine only the facts." (See, also, 18 R. C. L., p. 60, sec. 40.) The trial judge in this case adopted the latter plan, and, in so doing, acted within his discretion. (*Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545; *Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835.)

Appellant's brief contains other assignments of error, all of which have been carefully examined, but no cause for reversal has been found.

The judgment and order appealed from are affirmed. Costs awarded to respondent.

Rice, J., concurs.

Budge, J., sat at the hearing, but took no part in the opinion.