[Civ. No. 3013. First Appellate District, Division One.—August 25, 1919.]

JOHN JIRKU, Appellant, v. J. M. BROD, Respondent.

[1] MALICIOUS PROSECUTION — ESSENTIAL ELEMENTS — MALICE AND WANT OF PROBABLE CAUSE.—In an action for malicious prosecution the plaintiff must, in order to recover, establish, not only malice, but want of probable cause.

[2] ID.—WANT OF PROBABLE CAUSE—WHEN QUESTION FOR COURT—WANT OF PROOF—SUBMISSION TO JURY ERROR.—Where, in such an action, there is no conflict in the testimony, the question whether or not the evidence introduced shows a want of probable cause is for the court to decide. It is error in such cases, where there is no proof of want of probable cause, to submit any question to the jury.

2. Probable cause as question for court or jury, notes, 26 **Am. St. Rep.** 141; **L. R. A.** 1915D, 1, 85.

[3] ID.—ADVICE OF COUNSEL—PROSECUTION IN GOOD FAITH—PROBABLE
CAUSE.—Where one, before instituting such a prosecution, has, in
good faith, consulted an attorney at law in good standing, partic-
ularly if such attorney be one charged with the prosecution of
public offenses, and has stated to him all the facts in the case,
and has been thereupon advised by such attorney that a prosecu-
tion will lie, and such person has acted honestly on that advice,
this, of itself, constitutes probable cause.

[4] ID.—ISSUANCE OF CIRCULAR BY PLAINTIFF—PROBABLE CAUSE.—In
this action for malicious prosecution, the evidence of the defend-
ant, consisting in part of a statement in the Bohemian language
published and circulated by plaintiff in which he charged, among
other things, that defendant did not speak the truth, was of it-
self sufficient to constitute probable cause for the prosecution.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. R. Holston and S. C. Schaefer for Appellant.

Charles Bowman and Hudson P. Hibbard for Respondent.

WASTE, P. J.—This is an action against defendant for a
malicious prosecution, for causing the arrest of the plaintiff
upon a criminal charge. At the conclusion of all the testi-
mony in the case, the court, without hearing argument on
the evidence, and of its own motion, instructed the jury
to return a verdict for the defendant, which the jury did.
Judgment was entered in favor of the defendant, and plain-
tiff appeals. The action of the court in instructing the jury
to return a verdict for the defendant is the only error of
which the appellant complains.

Plaintiff published and circulated a statement in the Bo-
hemian language, in which he charged, among other things,
that defendant did not speak the truth. The defendant
thereupon made complaint before the clerk of the police court
of the city of Los Angeles, charging plaintiff with having

---

3. Probable cause as defense in action for malicious prosecution,
note, 26 Am. St. Rep. 138.

Advice of counsel as defense to action for malicious prosecution,
notes, 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas. 1912D, 423; 18
L. R. A. (N. S.) 49; 39 L. R. A. (N. S.) 207.

committed the crime of criminal libel. Plaintiff was arrested and imprisoned for a space of several hours, finally obtaining his release upon giving bail. After due trial in the police court of the city of Los Angeles, before a jury, plaintiff was acquitted of the charge and was not further prosecuted.

It appears without contradiction, from the record, that before defendant caused the arrest of plaintiff he consulted a regularly admitted and practicing attorney at law, in good standing. To him defendant made a full, fair, and complete statement of all the facts within his knowledge, in relation to the alleged libel. On the advice of counsel, he further consulted the deputy city prosecutor of the city of Los Angeles, who was intrusted with such matters, and to whom defendant again made a full, fair, and complete statement of all the facts relating to the matter, and submitted the objectionable publication. Defendant was advised by the attorney at law and by the deputy city prosecutor, and by each of them, that an offense had been committed, and that there was probable cause to believe the plaintiff guilty of the offense, whereupon defendant, acting in entire good faith, believing such advice to be true, appeared before the clerk of the police court, and made the complaint which led to the arrest and trial of plaintiff. In addition to these facts it also appears that before seeking the advice of the attorney and of the deputy city prosecutor defendant believed that the plaintiff had committed and was guilty of the crime of criminal libel.

The trial court was, therefore, justified in directing the jury to return the verdict in favor of the defendant. There was no want of probable cause shown for the arrest of plaintiff. [1] No principle is better established than that in actions for malicious prosecution the plaintiff must, in order to recover, establish, not only malice, but want of probable cause. These two elements are essential, and they must concur, or the action will not lie. (*Potter* v. *Seale*, 8 Cal. 224; *Smith* v. *Liverpool etc. Ins. Co.*, 107 Cal. 432–436, [40 Pac. 540].) One of the elements essential to maintain the action not being present, plaintiff had not made out his case.

[2] Where there is no conflict in the testimony, the question whether or not the evidence introduced shows a want of probable cause is for the court to decide. It is error in such cases, where there is no proof of want of probable cause, to

submit any question to the jury. (*Davis* v. *Pacific Tel. & Tel. Co.*, 127 Cal. 312, 319, [57 Pac. 764, 59 Pac. 698].)

[3] Defendant was entitled to the benefit of the rule announced in the foregoing cases that where one, before instituting such a prosecution, has, in good faith, consulted an attorney at law in good standing, particularly if such attorney be one charged with the prosecution of public offenses, and has stated to him all the facts in the case, and has been thereupon advised by such attorney that a prosecution will lie, and such person has acted honestly on that advice, this, of itself, constitutes probable cause. (*Johnson* v. *Southern Pacific Co.*, 157 Cal. 333, 338, [107 Pac. 611].)

[4] Furthermore, the evidence in the case, consisting in part of the circular containing the alleged libelous matter, was of itself sufficient to constitute probable cause for the prosecution.

The judgment is affirmed.

Richards, J., and Bardin, J., *pro tem.*, concurred.