[Civil No. 1834. Filed January 15, 1923.]

[211 Pac. 864.]

## S. LEEKER and S. LEEKER DRY GOODS CO., a Corporation, Appellants, v. JESUS YBANEZ, Appellee.

1. MALICIOUS PROSECUTION — INSTRUCTION ON MALICE HELD ERRONE-OUS.—An instruction that the malice necessary to sustain an action for malicious prosecution is not express malice, but is the willful doing of an unlawful act to the prejudice of another, so that, if the jury found defendants did not have probable cause for the prosecution of plaintiff, malice need not be expressly proven, but may be inferred from lack of probable cause, was erroneous as failing to give a jury a correct statement of the law relating to malice in actions of that character, and as misleading the jury to believe that malice was to be imputed to the defendants from want of probable cause alone.

2. MALICIOUS PROSECUTION — "MALICE" INSTITUTION OF PROSECUTION FROM IMPROPER MOTIVES.—Malice as a factor in an action for malicious prosecution of a criminal charge against plaintiff is manifested by furthering the charge from improper motives; that is, from some motive other than a desire to have the laws enforced, crime suppressed, and the guilty brought to justice.

3. MALICIOUS PROSECUTION — MALICE NOT IMPUTED FROM WANT OF PROBABLE CAUSE.—In an action for malicious prosecution, malice and want of probable cause are distinct elements of the cause of action, and the former is not imputed to defendants from want of probable cause alone, since the prosecution may have been instituted in the belief it was proper, though the facts were insufficient to warrant such belief in a reasonable mind.

4. TRIAL—INSTRUCTION AS TO DAMAGES UNSUPPORTED BY EVIDENCE IMPROPERLY GIVEN.—In an action for malicious prosecution, an in-

---

What constitutes "malice" as element of malicious prosecution, see note in 21 Ann. Cas. 756.

struction defining actual and exemplary damages was bad in so far as it included in the actual damages peril of life or injury to health, when there was nothing in the record to warrant an allowance for either.

5. TRIAL — INSTRUCTION EMPHASIZING PORTIONS OF THE EVIDENCE HELD ERRONEOUS.—In an action for malicious prosecution, where the evidence as to probable cause was conflicting, a charge stating hypothetically the conditions under which the jury might find probable cause or the lack of it, but which emphasized portions of the evidence, was erroneous as stating the effect and weight of the evidence, which should have been left fully to the jury.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. A. G. McAlister, Judge. Reversed and cause remanded for new trial.

Mr. Leslie C. Hardy and Messrs. Duffy & Purdum (Messrs. Kingan, Campbell & Conner, of Counsel), for Appellants.

Mr. Frank J. Barry and Mr. Warren Lee Kinder, for Appellee.

LYMAN, J.—The plaintiff, Jesus Ybanez, recovered judgment against S. Leeker and S. Leeker Dry Goods Company, appellants, in an action of malicious prosecution. From that judgment an appeal is prosecuted upon three assignments of error, all relating to the instructions to the jury.

The first instruction complained of reads as follows:

"The malice necessary to sustain an action for malicious prosecution is not express malice—a specific desire to vex or injure another from malevolence or motives of ill will—but the willful doing of an unlawful act to the prejudice or injury of another. So, if you find from the evidence under the instructions which I shall give you with reference to probable cause that the defendants did not have probable cause for the arrest and prosecution of the plaintiff, then I instruct you that malice need not be expressly

proven, but may be inferred from lack of probable cause.''

Before considering this portion of the instructions, it should be noted that preceding it the court had clearly and correctly outlined the issues involved in the action, and the basis upon which the plaintiff was entitled to recover, if at all, by stating the various elements which enter into an action for malicious prosecution. The jury was also told of the interest of the public in the prosecution of crime.

This particular instruction directs the attention of the jury to the subject of malice, of what it is constituted, and how it may be made to appear by the evidence.

The first clause, ''The malice necessary to sustain an action for malicious prosecution is not express malice, a specific desire to vex or injure another from malevolence or motives of ill will,'' is a statement of what malice is not, and a direction to the jury as to what they are not to look for in the evidence in determining whether or not plaintiff was actuated by malice. If this clause is taken merely as a generalization, it is not correct, because more often than otherwise malice which is involved in an action of malicious prosecution is essentially what is here said it is not.

The remainder of this sentence reads as follows: ''But the willful doing of an unlawful act to the prejudice or injury of another.'' This is a positive statement to the jury of what it is to understand by the term ''malice.'' As a general statement this is not altogether wrong, and seems to follow in the main the definition given by Greenleaf, but leaving out some words which make the Greenleaf definition clearer and easier to understand.

No explanation is added as to the character or the nature of such an unlawful act as is referred to in

this clause, unless it is to be found in the following sentence, which reads as follows:

"So, if you find from the evidence under the instructions which I shall give you with reference to probable cause that the defendants did not have probable cause for the arrest and prosecution of the plaintiff, then I instruct you that malice need not be expressly proven but may be inferred from lack of probable cause."

This sentence begins with the word "so," apparently used in the sense of "therefore" to introduce a conclusion from the preceding sentence containing a statement of what malice is and also as to what it is not.

The close and logical connection between the term "unlawful act" and the term "probable cause" inevitably would leave the inference that the lack of probable cause was the unlawful act which constituted the malice referred to in these instructions. As a generalization or with particular reference to the facts of this case, it fails to give to the jury a full and fair statement of the law relating to malice as applied to actions of this character.

Malice is primarily a state of mind and heart, variously prompted and variously manifested, and therefore variously defined in the books. That malice which is a factor in an action of malicious prosecution arising from criminal cases is manifested by furthering some charge of crime from base and improper motives; that is, from some motive other than a desire to have the laws enforced, crime suppressed, and the guilty brought to justice. Such improper motive may spring from personal hatred and ill will toward the person charged with crime, the pursuit of some selfish advantage, or from any desire or impulse other than the one legitimate purpose—the enforcement of the law.

24 Ariz.—37

Besides the objections already noted to this instruction, the last clause of it, even if standing alone, is a form of statement condemned as an instruction to the jury in an action of this sort in the case of *Griswold* v. *Horne,* 19 Ariz. 56, L. R. A. 1918A, 862, 165 Pac. 318, where the law relating to malicious prosecution is treated at considerable length by Chief Justice FRANKLIN, with many citations and elaborate reasoning. It is there explained that, though this particular clause may be construesd as a correct statement of the law, it is nevertheless in such a form as to make it an improper guide to a jury in an instruction without further elaboration or explanation.

In the case of *Hanowitz* v. *Great Northern R. Co.,* 122 Minn. 241, 142 N. W. 196, the necessity of keeping before the jury the distinction between malice and want of probable cause is stated in the following terms:

"It is well established that in the action of malicious prosecution both malice and want of probable cause must be proven by the plaintiff as distinct issues. The malice which is the essential element of malicious prosecution is not, like the malice essential in libel, slander, and false imprisonment, a mere fiction of the law; it is a state of mind to be proved as a fact. Want of probable cause may exist without malice. The reason is plain. The information on which a defendant acted may have induced him to act in the utmost good faith, so that his mind is entirely free from malice, and yet it may not be sufficient to constitute probable cause, for the test of probable cause is not the belief induced in him, but the belief induced in the mind of a reasonably prudent man. The jury may, in a proper case, infer malice from want of probable cause, *but they are not bound to infer malice in every case where want of probable cause is proven.* The inference which they may draw is one of fact, and not of law."

In the instruction which we are now considering malice and probable cause are so associated and woven together in apparent dependence one upon the other that the jury could hardly have failed to suppose that, having found that there was want of probable cause for the prosecution, malice was from that fact alone to be imputed to the defendants.

The second assignment of error relates to an instruction, which is as follows:

"The court instructs the jury that there are two kinds of damages, which they may award the plaintiff in this action, namely, actual or compensatory damages and exemplary or punitive damages.

"Actual or compensatory damages include loss of time, peril of life or liberty, injury to reputation, character of health, mental suffering, general impairment of social standing, and expenses, including attorney's fees incurred or paid by the plaintiff about the original criminal proceeding, if reasonable and necessary, so far as they are shown to have been an actual and proximate consequence of the act complained of.

"Exemplary or punitive damages are those given in addition to compensation for a loss sustained, in order to punish or make an example of the wrongdoer. Exemplary damages are such damages as are in excess of the actual loss and are allowed where a tort is aggravated by evil motive, actual malice, or oppression."

There seems to be nothing in the record indicating that the plaintiff is entitled to recover anything from peril of life or injury to health. To that extent at least the instruction is bad.

Assignment of error No. 3 is based upon an instruction as to probable cause, reading as follows:

"The court instructs you that the mere fact that the overcoat being worn by plaintiff, at the time of his arrest, resembled overcoats carried in stock in the El Paso store, owned by the defendant S. Leeker

Dry Goods Company, did not of itself justify the defendant Sam Leeker in causing the arrest and prosecution of plaintiff for the larceny of said overcoat, even though said Sam Leeker suspected or even believed said overcoat to have been stolen from said El Paso store, unless such suspicion or belief was based on other facts than such resemblance alone. And if the plaintiff, prior to his arrest, informed said defendant Sam Leeker that he had purchased the said overcoat some days previously in the La Reforma store, two doors from said El Paso store and on the same side of the street, and if the said Sam Leeker or his codefendant failed to investigate the truth or falsity of this information and caused the arrest and prosecution of plaintiff without any such investigation, and solely because of the resemblance which plaintiff's overcoat bore to overcoats carried in stock in said El Paso store, no proof having been offered of the theft of an overcoat from the said El Paso store, then I instruct you that no probable cause existed for the arrest and prosecution of plaintiff for the larceny of said overcoat. But such resemblance may be considered by you, if you find from the evidence that in addition to said resemblance the defendant had been informed by one of the clerks of the El Paso store that plaintiff was 'getting away with an overcoat,' and that plaintiff had offered to pay the defendant Sam Leeker for said overcoat in consideration of his not being arrested and prosecuted for the larceny thereof, and that the truth or falsity of such statement of plaintiff that he had purchased the said overcoat in said La Reforma · store could not with reasonable effort have been ascertained by the defendants.''

The court, having found a conflict in the evidence as to probable cause for the prosecution, undertook very properly to instruct the jury by means of a hypothetical statement of the evidence bearing upon that question how it might arrive at a conclusion as to whether or not there was probable cause for the prosecution; but in doing so in this instruction por-

tions of the evidence are emphasized, and the effect
and weight of such evidence is given.  That should
not have been done.  The question as to whether
there was lack of probable cause shown should have
been left fully to the jury, unless the court found
the evidence relating to it undisputed.

The case is reversed and a new trial directed.

ROSS, J., concurs.

McALISTER, C. J., being disqualified, took no
part in the decision of this case.